■ LEO TANENBAUM, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, et al., Defendants.—Judgment (denominated order), Supreme Court, New York County, entered March 21, 1978, granting plaintiff default declaratory judgment, is unanimously reversed, on the law and the facts, and in the exercise of discretion, with $75 costs and disbursements of the appeal to plaintiff; and the default judgment is vacated; and the matter is remanded to the Supreme Court for further proceedings. Defendant shall serve its answer which shall not include a defense of lack of personal jurisdiction, within 10 days of the service of the order determining this appeal. Appeal from order, Supreme Court, New York County, entered May 9, 1978 denying defendants' motion to vacate the service of the summons and complaint, is dismissed as abandoned, without costs and without disbursements. It is clear from the notice of appeal that defendant wishes to bring up for review both the judgment and the order denying the motion to vacate service. (Cf. CPLR 5501, subd [a], par 1; 5520, subd [c].) The notice of appeal dated May 11, 1978 is not untimely, with respect to the judgment dated March 21, 1978, as that judgment was not entered until May 18, 1978. The notice of appeal was thus merely premature and may be treated as valid. (CPLR 5520, subd [c].) We do not think the judgment should be deemed one entered on default. Before service of the notice of settlement of that judgment, defendants had already served a motion to vacate service of the summons and of any orders subsequently made on the basis of such service. The latter motion was pending before Justice Stecher while the default judgment was pending before Justice Nadel. Justice Stecher properly referred the motion to Justice Nadel, but by that time Justice Nadel had signed the order granting the default judgment. Further we think that while the service of an answer rejected as late may be deemed an appearance for the purpose of waiving an improper service of a summons, if it was improper, it should not be deemed sufficient to authorize a default judgment based on claimed past defaults. The service of the answer without raising an objection to jurisdiction may well evidence a willingness by defendant to litigate; it surely does not evidence a willingness to permit a default judgment to be entered for failure to answer earlier. We strongly disapprove of the practice of defendant's attorney, freely admitted on oral argument, of ignoring the statutory time for service of answer, which probably led to all the later procedural difficulties; even though in the present case, if defendant is correct in its contention that there was no proper service of process,

it may be that the time to serve the answer would not have commenced running. Declaratory judgment can rarely, if ever, be granted solely on default, with no inquiry by the court as to the merits. In this procedural quagmire, we believe that the interests of justice will be best served by giving defendant an opportunity to litigate the action on the merits, without further litigation as to the propriety of service of process and consequent lateness or timeliness of the answer. Defendant's attorney stated on the oral argument that if given an opportunity to litigate on the merits, he would waive his objection to alleged impropriety of service of the summons. Accordingly, the appeal from the order denying the motion to vacate service of the summons is deemed abandoned and is dismissed. Concur—Kupferman, J. P., Birns, Silverman and Sandler, JJ.