■ Fundex Capital Corp., Respondent, et al., Plaintiff, v Wolf Reichard et al., Appellants, et al., Defendants. Leslie

BLOND, Nonparty Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered March 5, 1990, denying the Blond/Reichard motion to vacate and set aside prior orders of that court, entered October 16, 1986 and February 11, 1987, which had, respectively, (1) granted former plaintiff (current plaintiff's assignor) Fundex' motion for summary judgment, and (2) directed entry of partial judgment in the form of surrender of possession and sale of a cooperative apartment which was collateral on a guaranty, with appointment of a receiver to effect that process, unanimously affirmed, with one bill of $250 costs and disbursements payable to respondents filing briefs.

The security pledged in this foreclosure action—shares constituting ownership of a cooperative apartment, and its proprietary lease—represents chattel real, i.e., personalty, not realty *(Matter of State Tax Commn. v Shor,* 43 NY2d 151), and is thus governed by the procedure for enforcement of a security interest (UCC art 9), rather than the procedure for summary recovery of a real property (RPAPL art 7). The security interest became enforceable by reason of the debtors' signed security agreement describing the collateral (a March 1982 "PLEDGE OF SHARES AND ASSIGNMENT OF LEASE OF COOPERATIVE APARTMENT"), their receipt of value (a $120,000 loan), and their clearly identifiable rights in the collateral (possession of the shares and occupancy of the apartment). *(See,* UCC 9-203 [1].) When a debtor whose obligation is so secured defaults, the secured party has the right to "reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure" (UCC 9-501 [1]).

Blond, who voluntarily submitted to the court's jurisdiction (CPLR 320 [b]), now claims, after years of litigation, that he was not given appropriate notice as an interested party (an occupant of the apartment). Nowhere is there any indication that Fundex, the secured creditor, had notice of Blond's occupancy of the Reichard apartment, and in any event, Blond had ample opportunity for notice and exercise of his rights throughout his voluntary participation in this case.

The vacatur motion, brought nearly two years after liquidation of the property in question, appears to be nothing more than a newly interposed theory of defense which could and should have been asserted long ago *(Fidelity N. Y. v Hanover Cos.,* 162 AD2d 582, 583), certainly before entry of the February 1987 order. Concur—Carro, J. P., Milonas, Ellerin and Rubin, JJ.