[631 NYS2d 370]

HEIDELBERG EASTERN, INC., Respondent, v WEBER LITHOGRAPHY, INC., et al., Defendants, and APPLE BANK FOR SAVINGS, Appellant.

Second Department, September 11, 1995

## APPEARANCES OF COUNSEL

*Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* New York City *(Dean G. Yuzek* and *David G. Egert* of counsel), for appellant.

*Kapson & Ginsburg,* Great Neck *(Hal R. Ginsburg* of counsel), for respondent.

## OPINION OF THE COURT

RITTER, J.

In December 1988 the defendant Weber Lithography, Inc. (hereinafter Weber) entered into a contract to purchase a printing press from the plaintiff Heidelberg Eastern, Inc. (hereinafter Heidelberg) for the price of almost one million dollars. In January 1989 Weber assigned its rights under this contract to the defendant Creative Leasing & Funding Corp. (hereinafter Creative), a company generally engaged in the brokering of personal property leases. In return, Creative agreed to acquire title, obtain financing, lease the printing press to Weber, and give Weber an option to purchase the machine at the end of the lease term for the nominal fee of one dollar. After securing financing for the printing press through the defendant Apple Bank for Savings (hereinafter Apple Bank), Creative entered into an agreement (hereinafter the purchase order) with Heidelberg for the purchase of the printing press. Creative made significant payments toward the purchase of the printing press, using funds borrowed from Apple Bank, and the press was eventually shipped to Weber with an unpaid balance owing. However, in April 1991 Weber declared bankruptcy and defaulted on its lease obligations to Creative. Creative in turn defaulted on its loan obligation to Apple Bank. The printing press was abandoned by Weber's trustee in bankruptcy and was later sold by Creative and Apple Bank to reduce Creative's debt to Apple Bank. Heidelberg then commenced this action, alleging, *inter alia,* that it had a security interest in the printing press and/or its proceeds superior to Apple Bank's. Apple Bank moved for sum-

mary judgment dismissing the complaint, arguing that it had a security interest superior to Heidelberg's and that it committed no wrong by retaining the proceeds of the sale of the printing press. The Supreme Court denied Apple Bank's motion. Subsequently, the Supreme Court granted Heidelberg's motion for summary judgment and entered a judgment in its favor. We now affirm.

In order to obtain priority to collateral and/or its proceeds under UCC article 9, a party must have a security interest in the collateral superior to any other. Here, we find that Heidelberg had a perfected purchase-money security interest (hereinafter PMSI) in the printing press from the inception of its contract with Weber.

Pursuant to UCC 9-107:

"A security interest is a 'purchase money security interest' to the extent that it is

"(a) taken or retained by the seller of the collateral to secure all or part of its price; or

"(b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used".

Here, Heidelberg expressly retained a PMSI in the printing press in its contract with Weber. Indeed, the subsequent purchase order, by which Creative obtained title, also contained an express PMSI in favor of Heidelberg.

A security interest becomes perfected when it has "attached" and all steps for perfection have been taken (see, UCC 9-303 [1]). Here, Heidelberg's security interest attached at the time the contract between it and Weber was entered into and Weber made partial payment of the purchase price (see, UCC 9-203 [1]; 8 Anderson, Uniform Commercial Code §§ 9-203:42, 9-203:46 [3d rev ed]; Fundex Capital Corp. v Reichard, 172 AD2d 420; Aetna Fin. Co. v Hendrickson, 526 NE2d 1222 [Ind]). Further, since the collateral at issue was goods (see, UCC 9-105 [1] [h]), Heidelberg perfected its PMSI both by possession (see, UCC 9-113, 9-302 [1]; 9-305; Clarkson Co. v Shaheen, 533 F Supp 905; 9 Anderson, Uniform Commercial Code § 9-302:50 [3d rev ed]) and by filing a financing statement before possession was relinquished to Weber (see, UCC 9-302, 9-305; 9 Anderson, Uniform Commercial Code, §§ 9-302:19, 9-312:66 [3d rev ed]). Apple Bank argues that Heidelberg's filings were inadequate because they were made before Heidelberg entered into a security agreement with Creative and did

not cover the only interest possessed by Creative at the time, i.e., its interest as a lessor of the printing press. However, pursuant to UCC 9-402 (1), a party may file before a security agreement is executed *(see,* 9 Anderson, Uniform Commercial Code § 9-303:5 [3d rev ed]). Thus, because there was no interim period during which its interest was not perfected, Heidelberg possessed a PMSI in the printing press that was continuously perfected from December 1988 *(see,* UCC 9-303 [2]; 9 Anderson, Uniform Commercial Code §§ 9-303:10, 9-305:20 [3d rev ed]).

Apple Bank, by its own arguments, did not possess a perfected PMSI in the printing press until January 1989. Thus, Heidelberg had a superior security interest in the printing press and/or its proceeds *(see,* UCC 9-312 [5]; *National Pawn Brokers Unlimited v Osterman, Inc.,* 176 Wis 2d 418, 500 NW2d 407; *Interstate Discount Co. v Eppley,* 50 Pa D & C 2d 297; 9 Anderson, Uniform Commercial Code, §§ 9-312:109 9-312:121 [3d rev ed]). Accordingly, the Supreme Court properly granted Heidelberg's motion for summary judgment.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]). The order and judgment is affirmed.

MILLER, J. P., SANTUCCI and ALTMAN, JJ., concur.

Ordered that the appeal from the order dated November 25, 1992 is dismissed; and it is further,

Ordered that the order and judgment entered February 7, 1994 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.