■ DUSHYANT KURUWA et al., Appellants, v 130 E. 18 OWNERS CORP. et al., Respondents, and MILTON L. MEYERS et al., Respondents. [994 NYS2d 578]—

Order and judgment (one paper), Supreme Court, New York County (Donna M. Mills, J.), entered December 13, 2013, which, to the extent appealed from as limited by the briefs, denied a petition for (1) a judgment declaring that petitioners' money judgment has a priority over respondent M&T Bank Corporation's perfected, secured interest and lien on the subject cooperative corporation's stock shares and proprietary lease; (2) a judicial sale of the Meyers respondents' cooperative apartment; and (3) damages under Judiciary Law § 487, unanimously affirmed, without costs.

The IAS court correctly found that respondent bank's perfected, secured interest in the subject property has priority over petitioners' unsecured money judgment (*see Chrysler Credit Corp. v Simchuk*, 258 AD2d 349 [1st Dept 1999]). The bank's false answers to the information subpoena, in which it denied having a mortgage on the Meyers respondents' apartment, did not prejudice petitioners; nor do they point to any detrimental reliance upon the statements (*cf. Leber-Krebs, Inc. v Capitol Records*, 779 F2d 895, 896 [2d Cir 1985]).

The court also correctly held that there could be no judicial sale of the cooperative apartment. The Meyers defendants had purchased the co-op before they were married, and they concede that they originally owned it as tenants in common (*see* EPTL 6-2.2). They refinanced the purchase money mortgage after they were married, and the bank required a name change on a newly issued stock certificate and proprietary lease. The change in title, made by the cooperative corporation, after the parties were married effectively changed ownership from tenants in common to tenants by the entirety.

The legal arguments made by the bank's counsel and the

Meyerses' counsel do not give rise to claims under Judiciary Law § 487. Concur—Tom, J.P., Friedman, Feinman, Gische and Kapnick, JJ.