Matter of Honeedew Investing LLC v JP Morgan Chase Bank, N.A. (2023 NY Slip Op 01743)

Matter of Honeedew Investing LLC v JP Morgan Chase Bank, N.A.

2023 NY Slip Op 01743

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 155466/20 Appeal No. 17601 Case No. 2022-03161 

[*1]In the Matter of Honeedew Investing LLC, Petitioner-Appellant,
v
JP Morgan Chase Bank, N.A., et al., Respondents-Respondents, 900 Fifth Avenue Corporation, Respondent.

Medina Law Firm LLC, New York (Eric S. Medina of counsel), for appellant.
Akerman LLP, New York (Erica R. S. Goldman of counsel), for JP Morgan Chase Bank, N.A., respondent.
Liston Abramson LLP, New York (Alex G. Patchen of counsel), for Carlos Abadi and Barbara Abadi, respondents.

Order and judgment (one paper), Supreme Court, New York County (Nancy Bannon, J.), entered July 25, 2022, which determined the parties' priority in the proceeds from the sale of a cooperative apartment formerly owned by respondents Carlos Abadi and Barbara Abadi but otherwise denied the petition, unanimously affirmed, with costs.
The court correctly found that respondent JP Morgan Chase Bank, N.A.'s (Chase) perfected security interest in the subject property had priority over petitioner's unsecured money judgment (see Kuruwa v 130E. 18 Owners Corp., 121 AD3d 472, 472 [1st Dept 2014]). "[A] security interest in a cooperative interest" is "perfected . . . by filing a financing statement" (Uniform Commercial Code § 9-310[d]). Nonparty Lehman Brothers Bank, FSB and Chase filed financing statements long before petitioner's predecessor obtained its judgment.
To the extent petitioner contends that Lehman and Chase did not have a valid security interest, its arguments are unavailing. "A security interest attaches to collateral when it becomes enforceable against the debtor" (UCC 9-203[a]). In turn, "a security interest is enforceable against the debtor and third parties . . . if: (1) value has been given; (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and (3) . . . (A) the debtor has authenticated a security agreement that provides a description of the collateral" (UCC 9-203[b]).
With respect to subsection (1), petitioner's fact-based argument that there was no evidence that Lehman actually lent money to the Abadis is improperly raised for the first time on appeal (see e.g. Ta-Chotani v Doubleclick, Inc., 276 AD2d 313, 313 [1st Dept 2000]).
As for subsection (2), the Abadis had rights in the collateral (see Fundex Capital Corp. v Reichard, 172 AD2d 420, 421 [1st Dept 1991], lv dismissed 78 NY2d 1007 [1991]). Since UCC 9-203(b)(2) is in the disjunctive, Chase did not have to prove that the Abadis had the power to transfer rights in the collateral.
Finally, with respect to subsection (3), petitioner's opening brief on appeal did not dispute that the Abadis authenticated a security agreement that provided a description of the collateral. In reply, petitioner contends that the Abadis did not personally sign a security agreement. However, their attorney-in-fact signed it.
Petitioner's fact-based arguments that (a) the court should not have permitted the Abadis' counsel to calculate the sums to be distributed and (b) the Abadis were not entitled to the homestead exemption, are unpreserved (see e.g. Ta-Chotani, 276 AD2d at 313).
The court providently exercised its discretion by not appointing a receiver (see Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010]).
We have considered petitioner's remaining arguments, including that Chase had to be the holder of the note that the Abadis signed through their attorney-in-fact, and that petitioner needed discovery, and find them unavailing[*2].THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023