■ ICBC Broadcast Holdings-NY, Inc., Respondent, v Prime Time Advertising, Inc., et al., Defendants, and John Johnson, Appellant. [810 NYS2d 40]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 29, 2005, in favor of plaintiff and against defendant John Johnson, in the total amount of $623,455.08, bringing up for review an order, same court and Justice, entered on or about April 20, 2005, which granted plaintiff's motion for a default judgment, unanimously reversed, on the law, with costs, and the matter remanded for further proceedings consistent herewith. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Upon receipt of plaintiff's motion for a default judgment against defendant John Johnson, defendant moved to dismiss the complaint against him for lack of personal jurisdiction on the ground that he was not properly served with the complaint,

and the court ordered a traverse hearing. The special referee who presided over the traverse hearing found that personal jurisdiction had not been properly obtained over defendant.

However, when presented with defendant's fully briefed motion to confirm the referee's report, along with plaintiff's cross motion to reject it, the motion court marked off defendant's motion based upon his failure to appear for oral argument of the motion or for a compliance conference scheduled for later the same day, and granted on default plaintiff's cross motion to reject the report and recommendation.

On plaintiff's subsequent motion for a default judgment, the court rejected defendant's arguments in opposition, finding no justifiable excuse for the default and that defendant's failure to assert a meritorious defense, in the form of a proposed answer or otherwise, required it to grant the default judgment. Thereafter, the court entered a judgment against defendant in the total amount of $623,455.08.

In order to successfully oppose a default judgment, a defendant must demonstrate a justifiable excuse for his default and a meritorious defense (see 114 W. 26th St. Assoc. v Fortunak, 22 AD3d 346 [2005]). Law office failure may meet the justifiable excuse prong in appropriate circumstances (see Goldman v Cotter, 10 AD3d 289 [2004]).

Defendant's failure to appear for oral argument of the motion and cross motion regarding the referee's report was, under the circumstances, sufficiently excused by counsel's failure to correctly glean from the New York Law Journal listings that the motion and cross motion had been scheduled for oral argument on January 20, 2005.

Counsel's failure to appear at the compliance conference scheduled for later that day should not have been relied upon to support taking a default against defendant, since the scheduling of any such conference was in error, at least insofar as it involved defendant Johnson. As to him, issue had not been joined, no discovery had taken place, and the issue of personal jurisdiction over him had not yet been decided. Accordingly, his failure to attend such an erroneously scheduled conference does not justify a default judgment.

Furthermore, while a pattern of dilatory behavior on the part of counsel may preclude a finding of excusable neglect (see Metral v Bonifacio, 309 AD2d 724 [2003]), the assertion that defendant's failure to appear for argument on that motion was merely part of a previously established pattern of dilatory behavior finds no support in the record. Instead, it simply appears that upon service of a motion for a default judgment

against him, defendant moved to dismiss based upon the lack of personal jurisdiction, appeared for the traverse hearing, and thereafter made the appropriate motion to confirm the referee's report. The only legal obligation defendant's counsel appears to have failed to fulfill was attendance at oral argument of the motion.

As to the merits, the defense of lack of jurisdiction was supported in defendant's motion papers, and further demonstrated through the referee's report, which found that plaintiff had failed to obtain jurisdiction over defendant. The usual requirement of a pleading to establish a meritorious defense is obviated where the defense is a lack of personal jurisdiction (*see Ortiz v Santiago*, 303 AD2d 1, 4 [2003]; *see also Berkeley Assoc. Co. v Di Nolfi*, 122 AD2d 703 [1986], *lv dismissed* 69 NY2d 804 [1987]).

Accordingly, the matter is remanded for a determination on the merits as to the motion and cross motion regarding the referee's report and recommendations, and any further proceedings which may be appropriate thereafter. Concur—Andrias, J.P., Saxe, Nardelli and Catterson, JJ.