■ Morrison Cohen LLP, Respondent, v David Fink, Appellant. [917 NYS2d 155]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 12, 2010, awarding plaintiff the total sum of $254,023.70 against defendant, and bringing up for review an order, same court and Justice, entered January 7, 2010, which granted plaintiff's motion for a default judgment and denied defendant's cross motion to dismiss the complaint, inter alia, for failure to effect proper service, unanimously affirmed. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

To successfully oppose a motion for leave to enter a default judgment, a defendant must demonstrate a reasonable excuse for the default and a meritorious defense. As a party to the action, although an attorney by profession, defendant was required to submit an affidavit in opposition to plaintiff's motion for a default judgment. His submission of an affirmation instead of an affidavit was improper, "and its contents [were correctly] disregarded by the Supreme Court, thereby rendering the opposing papers insufficient to defeat the plaintiff's motion" (*Pisacreta v Minniti*, 265 AD2d 540, 540 [1999]). Defendant's papers were deficient for the additional reason that the affidavit of the postal service worker on which he relied to demonstrate the inadequacy of "nail and mail" service pursuant to CPLR 308 (4) was notarized by defendant himself, a party to the action.

Defendant is not entitled to relief, in the alternative, under CPLR 317 since he has failed to demonstrate that he "did not personally receive notice of the summons in time to defend" (*see Majestic Clothing Inc. v East Coast Stor., LLC*, 18 AD3d 516, 517 [2005]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.

Motion seeking to withdraw appeal denied.