Plaintiff is a Delaware limited liability company headquartered in Connecticut. Defendant Iota LP is an Isle of Jersey partnership, allegedly owned and controlled by defendant Kagalovsky, a Russian citizen who resides in London.
*464 Plaintiff and defendant Iota LP are equal partners in nonparty Iota Ventures LLC, a Delaware limited liability partnership (the Partnership). The Partnership was formed to own and operate a new television network in the Ukraine, named TVi. TVi was owned by nonparty TeleradiocompanyTeleRadioSvit LLC (TRS), a Ukranian entity, which in turn was held through a series of companies owned directly or indirectly by the Partnership.
Plaintiff alleges that defendants-appellants, Aspida Ventures Ltd. and Seragill Holdings Ltd., Cypriot entities, were used by defendant Kagalovsky as part of a conspiracy to effect the improper and surreptitious dilution of the Partnership’s interest in TRS and TVi, in order to deprive plaintiff of its 50% ownership interest therein. Plaintiff brings this action to restore its rights in TRS and TVi, to stop any further liquidation of its ownership interests, and for damages caused by defendants’ allegedly improper actions.
The court properly exercised jurisdiction over defendants- appellants pursuant to CPLR 302 (a) (1). “[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant’s activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted” (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]). Contrary to defendants-appellants’ contention, there was no need to establish a formal agency relationship between them and the other defendants, since it was shown that the other defendants acted purposely in New York for their benefit and with their knowledge and consent, and that defendants-appellants exercised “some control” over the other defendants in the matter (id.). Defendant Kagalovsky’s negotiation of the partnership agreement in New York and defendant Iota LP’s subsequent actions in New York, including its commencement of an action in federal court in New York based on the partnership agreement, are sufficient to show that defendants-appellants, “through an agent,” transacted “any business within” the state (CPLR 302 [a] [1]; see e.g. Soloman Ltd. v Biederman & Co., 177 AD2d 350 [1991]).
Moreover, for the purpose of these transactions, defendants-appellants and the other defendants were alter egos (see e.g. Holme v Global Mins. & Metals Corp., 63 AD3d 417 [2009]). Defendant Kagalovsky’s deposition testimony explaining how and why he used defendants-appellants amply supports long-arm jurisdiction under an alter-ego theory.
The court also properly exercised long-arm jurisdiction under *465 CPLR 302 (a) (2) since defendants-appellants are alleged co-conspirators in the commission of a tort in New York State through an agent (see CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 98 [2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]; see also Reeves v Phillips, 54 AD2d 854 [1976]).
Having found that a basis for long-arm jurisdiction exists, we must now determine whether the court providently exercised its discretion in granting plaintiffs motion for the entry of a default judgment.
“In order to successfully oppose a [motion for a] default judgment, a defendant must demonstrate a justifiable excuse for his default and a meritorious defense” (ICBC Broadcast Holdings-NY, Inc. v Prime Time Adv., Inc., 26 AD3d 239, 240 [2006]). “[W]hether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits” (Rickert v Chestara, 56 AD3d 941, 942 [2008] [internal quotation marks omitted]; see Finkelstein v Sunshine, 47 AD3d 882 [2008]). Moreover, courts have the inherent power to forgive even an unexplained default “in the interest of justice” (B.U.D. Sheetmetal v Massachusetts Bay Ins. Co., 248 AD2d 856, 856 [1998]). Applying these principles, this is not an appropriate case for departure from this State’s preference for resolving controversies upon the merits and the interests of justice warrant an exercise of discretion in favor of excusing the delay in answering at issue (see Zanelli v JMM Raceway, LLC, 83 AD3d 697 [2011]).
The complaint was served on defendants-appellants in Cyprus on December 15, 2009. On May 24, 2010, plaintiff moved for a default judgment. On June 7, 2010, defendants-appellants served their answers. When plaintiff rejected the answers, defendants- appellants timely opposed the motion for a default judgment, asserting a lack of jurisdiction. Alternatively, they averred that there was a reasonable excuse for their failure to timely answer based on “th[eir] good faith and substantiated belief’ that there was no basis for personal jurisdiction. Defendants-appellants also demonstrated, for the purposes of the motion, a potentially meritorious defense that the subject ownership transfers were for fair value, were not prohibited by any governing agreement or Ukrainian law, and were necessary to avoid bankruptcy (see Poree v Bynum, 56 AD3d 261, 262 [2008]; Spira v New York City Tr. Auth., 49 AD3d 478 [2008]). Further, *466 and significantly, the causes of action asserted against defendants-appellants are derivative of the claims against Kagalovsky and Iota LR who are vigorously defending the action.
Under these circumstances, “given the questions of fact as to merit, the brief delay, the lack of intention on defendants’ part to default, the failure of plaintiff to demonstrate any prejudice attributable to the delay and the policy preference in favor of resolving disputes on the merits, we conclude that defendants’ untimeliness should have been excused in this instance” (Cerrone v Fasulo, 245 AD2d 793, 794 [1997]). Concur — Andrias, J.E, Saxe, Acosta, Freedman and Richter, JJ.