In an action to foreclose a mortgage, the defendant Dwora Gerber appeals from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated December 6, 2010, as granted those branches of the plaintiffs motion which were for summary judgment on the complaint, and to appoint a referee to compute.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs motion which were for summary judgment dismissing the verified answer of the defendant Dwora Gerber and on the complaint, and to appoint a referee to compute are denied.
The plaintiff commenced this action to foreclose a mortgage. In answering the complaint, the defendant Dwora Gerber (hereinafter the defendant) set forth several affirmative defenses including that, as a condition precedent and in order to maintain the action, the plaintiff, pursuant to the mortgage documents, was required to send a notice of default/acceleration prior to the commencement of the action, and that the plaintiff had failed to properly do so. The plaintiff moved, inter alia, for summary judgment on the complaint and to appoint a referee to compute.
The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. The plaintiff failed to show that it complied with a condition precedent contained in the mortgage agreement, which required that it give the defendant notice of *967 default prior to demanding payment of the loan in full (see Norwest Bank Minn. v Sabloff, 297 AD2d 722 [2002]; GE Capital Mtge. Servs. v Mittelman, 238 AD2d 471 [1997]). The unsubstantiated and conclusory statements in the affidavits of the plaintiff’s employees that the required notice of default was sent in accordance with the terms of the mortgage, combined with the copy of the notice of default, failed to establish that the required notice was mailed to the defendant by first class mail or actually delivered to her notice address if sent by other means, as required by the mortgage agreement (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006]; see also Mid City Constr. Co., Inc. v Sirius Am. Ins. Co., 70 AD3d 789 [2010]). Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the defendant’s papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court erred in granting those branches of the plaintiffs motion which were for summary judgment on the complaint and to appoint a referee to compute.
The plaintiff’s remaining contentions are without merit. Skelos, J.E, Dillon, Eng and Austin, JJ., concur.