Order, Supreme Court, New York County (Eileen Rakower, J.), entered September 19, 2011, which granted defendants’ motion to vacate their default in appearing in this action, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings consistent herewith.
Defendants made their motion under CELR 317 which permits a defendant who defaults in appearing to move for leave to defend an action “upon a finding of the court that he [or she] did not personally receive notice of the summons in time to defend and has a meritorious defense.” The motion should have been denied because neither requirement of late receipt nor a meritorious defense has been met.
Defendants are alleged to be the owners and managers of the premises where plaintiff was injured. By operation of Partnership Law § 121-109 (Revised Limited Partnership Act) and Limited Liability Company Law § 303, service upon each defendant was complete upon delivery of the summons and complaint *554 to the Secretary of State on December 29, 2009. Accordingly, defendants were required to appear within 30 days thereafter (CPLR 320 [a]). Proof of service was filed on January 13, 2010 and this motion was made on or after July 13, 2011. The affidavit of Philip Tager, a principal of both defendants, does not meaningfully state when defendants received notice of this action. Instead, Tager makes the vague assertion that he first saw the summons and verified complaint when affidavits of service “were made available to us as exhibited in later court filings.” The time period covered by Tager’s affidavit could include January 13, 2010, the date proof of service was filed, as well as any other date prior to the making of defendants’ motion. Therefore, Tager’s affidavit is conclusory and insufficient for the purpose of demonstrating that defendants did not personally receive notice of the summons until it was too late to put in a defense (see e.g. Morrison Cohen LLP v Fink, 81 AD3d 467 [1st Dept 2011]).
Defendants’ attempt to show a meritorious defense fares no better. The motion court determined that a meritorious defense was set forth in defendants’ proposed verified answer. This was error because the answer was verified by defendants’ attorney who did not claim to have personal knowledge of the facts (see e.g. Lopez v Trucking & Stratford, 299 AD2d 187 [1st Dept 2002]). Moreover, it does not avail defendants to argue that the duty to maintain the premises was assumed by their tenant under a written lease. A building owner’s statutory duty to maintain its premises in a reasonably safe condition remains nondelegable as between the owner and an injured party despite any contractual delegations of maintenance obligations by the owner to another party (Wagner v Grinnell Hous. Dev. Fund Corp., 260 AD2d 265, 266 [1st Dept 1999]. Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.