■ GRACE GORMAN et al., Appellants, v JORDAN ENGLISH, Also Known as JORDAN GROSS, Respondent, et al., Defendant. [26 NYS3d 693]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 5, 2015, which, inter alia, denied plaintiffs' motion for a default judgment against defendant Jordan English, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in denying plaintiffs' motion for a default judgment. Although plaintiffs submitted an affidavit of the process server stating that service was made, defendant English successfully rebutted the presumption that the summons and complaint had been received, by submitting a sworn affidavit stating that he never received the summons and complaint and evidence that his building had no record of his receiving a package on the days he was allegedly served (*see Velez v Forcelli*, 125 AD3d 643, 644 [2d Dept 2015]). Furthermore, the record demonstrates that the delay was minimal, there was no prejudice to plaintiffs, no showing of willfulness on English's part, and there is a strong public policy in favor of resolving cases on the merits (*see New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463, 465-466 [1st Dept 2012]).

English's submissions also establish that he has a meritorious defense to plaintiffs' allegations. Contrary to plaintiffs' contention, English's affidavit contained more than "conclusory allegations or vague assertions" in response to plaintiffs' claims (*Peacock v Kalikow*, 239 AD2d 188, 190 [1st Dept 1997] [internal quotation marks omitted]). Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.