Nationstar Mtge., LLC v Cogen (2018 NY Slip Op 01413)





Nationstar Mtge., LLC v Cogen


2018 NY Slip Op 01413


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


850118/15 -5881B 5881A 5881

[*1] Nationstar Mortgage, LLC, Plaintiff-Respondent,
v
Michael Cogen, Defendant-Appellant, New York State Department of Taxation and Finance et al., Defendants.


Yolande I. Nicholson P.C., Brooklyn (Yolande I. Nicholson of counsel), for appellant.
Sandelands Eyet LLP, New York (Mitchell E. Zipkin of counsel), for respondent.



Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 19, 2016, which granted plaintiff's motion for summary judgment, and denied defendant Michael Cogen's cross motion for summary judgment dismissing the complaint as against him, and orders, same court and Justice, entered on or about October 19, 2016, which granted plaintiff's motion, denied defendant's cross motion to dismiss, and referred this action to a referee, unanimously reversed, on the law, with costs, plaintiff's motion denied, and defendant's cross motion for summary judgment dismissing the complaint as against him granted, without prejudice. The clerk is directed to enter judgment accordingly.
Contrary to defendant's argument, the doctrine of collateral estoppel does not bar plaintiff from relitigating the issue of standing, because the issues in the prior action and the instant action are not identical. The issue in the prior action was whether Aurora Loan Services, LLC had standing as of March 30, 2009; the issue in the instant case is whether plaintiff had standing as of March 13, 2015 (see U.S. Bank, N.A. v Foote, 151 Conn App 620, 629-630, 94 A3d 1267, 1274 [Conn App Ct 2014], cert denied 314 Conn 930, 101 A3d 952 [2014]). Moreover, the dismissal in the prior action was without prejudice (see 390 W. End Assoc. v Raiff, 166 Misc 2d 730, 734 [App Term, 1st Dept 1995]).
Plaintiff established its standing by showing that the indorsed-in-blank note was in its possession at the commencement of this action (Bank of Am., N.A. v Brannon, 156 AD3d 1, 6 [1st Dept 2017]). The note is part of the record (see Bank of Am., N.A. v Thomas, 138 AD3d 523, 524 [1st Dept 2016]). The affidavit by Kimberly Cavagnaro, submitted by plaintiff, is sufficient to show that plaintiff had possession of the note when the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 359-362 [2015]), and is neither conclusory (see Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 524 [1st Dept 2016]) nor inconsistent (see B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 402 [1st Dept 2017]).
Defendant's contention that there are issues of fact about the allonges is unavailing (see U.S. Bank N.A. v Askew, 138 AD3d 402 [1st Dept 2016]).
Nevertheless, the complaint should be dismissed as against defendant, without prejudice, because plaintiff failed to prove that it mailed the notices required by Real Estate Property Actions and Proceedings Law § 1304 (see HSBC Bank USA v Rice, 155 AD3d 443 [1st Dept 2017]) and by the mortgage agreement (see e.g. HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966, 967 [2d Dept 2012]). The affidavit by Diondra Doublin, submitted by plaintiff, failed to demonstrate a familiarity with plaintiff's mailing practices and procedures (see Rice, 155 AD3d [*2]at 444 [RPAPL 1304 notice]; see also e.g. Gerber, 100 AD3d at 967 [notice required by mortgage agreement]). The fact that some of the RPAPL 1304 notices bear a certified mail number is also insufficient (see Rice, 155 AD3d at 444; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050 [2d Dept 2017]). We further note that defendant submitted an affidavit denying that he had received any RPAPL 1304 notice (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2d Dept 2011]).
Plaintiff's motion should be denied for the additional reason that the affidavit by defendant's wife creates an issue of fact as to whether plaintiff delivered the notice required by RPAPL 1303 with the summons and complaint (see Jones, 139 AD3d at 523; Gorman v English, 137 AD3d 556 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK