Mohamed v Mohamed (2019 NY Slip Op 07551)





Mohamed v Mohamed


2019 NY Slip Op 07551


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10170 159585/16

[*1] Walla Mohamed, Plaintiff-Respondent,
v
Abdallah Mohamed, Defendant-Appellant.


Stern & Stern, Brooklyn (Lawrence M. Stern of counsel), for appellant.
Sperber Denenberg & Kahan, P.C., New York (Jacqueline Handel-Harbour of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about January 2, 2018, which granted plaintiff's motion for a default judgment, unanimously affirmed, with costs.
Plaintiff met her burden of showing that a default judgment was warranted pursuant to CPLR 3215. Plaintiff's complaint was verified, and she offered an in-depth account of the facts in the form of an affidavit, as well as supporting documentation to show that she alone paid for the subject property. Proof of service with an additional proof of mailing was also provided to the court.
Defendant failed to properly oppose the motion. Defendant's failure to submit an affidavit, standing alone, provided a basis for granting the motion (Morrison Cohen LLP v Fink, 81 AD3d 467 [1st Dept 2011]), since the attorney's affirmation submitted was not based on personal knowledge and therefore could not "demonstrate a reasonable excuse for the default and a meritorious defense" (id.). While counsel claims that defendant was traveling in Egypt for a three-month period, including when the papers were served, neither counsel's affirmation nor any of the uncertified exhibits attached to it established this fact in opposition. Defendant did not submit an affidavit attesting to being out of the country during this time, nor did he submit a complete copy of his passport, which would have shown if he had entered and re-entered the country on more than one occasion during the relevant period. It is not evident that the two pages in the record are from defendant's own passport, nor did anyone with personal knowledge provide an explanation as to why the date stamps conflict with the dates of travel on the copies of flight information attached as exhibits to counsel's affirmation, some of which also failed to identify a passenger.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK