Paramount Painting Group, LLC v Nichtberger (2023 NY Slip Op 00272)

Paramount Painting Group, LLC v Nichtberger

2023 NY Slip Op 00272

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 651698/19 Appeal No. 17176 Case No. 2021-02738 

[*1]Paramount Painting Group, LLC, Plaintiff-Respondent,
v
Mitchell Nichtberger et al., Defendants-Appellants, Nina Dawn Wallace, Defendant.

The Law Firm of Adam C. Weiss, PLLC, Glen Cove (Adam C. Weiss of counsel), for appellants.
Duane Morris LLP, New York (Kevin J. Fee of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Melissa Anne Crane, J.), entered July 13, 2012, deemed an appeal as to liability only from judgment (CPLR 5501[c]), same court and Justice, entered November 21, 2022, in plaintiff's favor, and as so considered, the judgment, unanimously affirmed, with costs.
Supreme Court correctly granted plaintiff's motion for a default judgment, as defendants Mitchell Nichtberger and Paramount Painting NY Inc. (PPNY) failed to proffer a meritorious defense to the action (see New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 465 [1st Dept 2012]; Morrison Cohen LLP v Fink, 81 AD3d 467, 468 [1st Dept 2011]). Despite his contention otherwise, Nichtberger is not entitled to further limitations on the forfeiture of his salary, as there is no requirement under the faithless servant doctrine that an apportionment be performed so as to exclude those portions of salary where no disloyalty was found (see Matter of Blumenthal [Kingsford], 32 AD3d 767, 768 [1st Dept 2006], lv denied 7 NY3d 718 [2006]). In any event, Nichtberger admitted that, between February 2012 and March 2019, while he was plaintiff's employee, he diverted nearly $1.5 million from plaintiff to a bank account in PPNY's name; in light of this admission of repeated disloyalty throughout his employment, there is no support for his contention that the forfeiture of his salary during the period of disloyalty should be further limited (see William Floyd Union Free School Dist. v Wright, 61 AD3d 856, 857 [2d Dept 2009]).
Since Nichtberger and PPNY failed to proffer a meritorious defense, we need not reach the issue of whether they proffered a reasonable excuse for their delay (see ICBC Broadcast Holdings-NY, Inc. v Prime Time Adv., Inc., 26 AD3d 239, 240 [1st Dept 2006]). Were we to reach the issue, we would find that their arguments are unpersuasive, given the two preliminary conference orders directing them to interpose an answer.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023