Clingerman v Ali (2023 NY Slip Op 00390)

Clingerman v Ali

2023 NY Slip Op 00390

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 651001/19 Appeal No. 17210 Case No. 2022-01326 

[*1]Matthew C. Clingerman, etc., Plaintiff-Respondent,
v
Alisher Ali, et al., Defendants, Eurasia Capital Ltd. et al., Defendants-Appellants.

Tarter Krinsky & Drogin LLP, New York (Robert G. Heim of counsel), for appellants.
Baker & Hostetler LLP, New York (Gonzalo S. Zeballos of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about March 2, 2022, which, insofar appealed from, denied the motion of defendants-appellants Eurasia Capital Ltd., Eurasia Capital (Mongolia) LLC, Silk Road Management Limited, and Silk Road Finance Limited (collectively, defendants) to dismiss the complaint for lack of personal jurisdiction or, in the alternative, based on forum non conveniens, unanimously affirmed, with costs.
Supreme Court properly found jurisdiction over defendants based on an alter ego theory (see New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 464 [1st Dept 2012]). The court found that individual defendant Alisher Ali was subject to personal jurisdiction, and because Ali has not appealed from Supreme Court's order, defendants cannot now be heard to dispute the issue of jurisdiction over Ali.
Further, the record supports plaintiff's contention that defendants and Ali were alter egos and that jurisdiction over Ali can be attributed to defendants on that basis. Notably, Ali has not been an owner of defendants since January 25, 2013, the date that he purportedly sold those entities. Nevertheless, not only did he found defendants and extensively involved himself with their operations, but he also allegedly dominated and controlled them to such an extent, even after January 2013, that he may be considered an equitable owner (see Roohan v First Guar. Mtge., LLC, 97 AD3d 891, 892 [3d Dept 2012]). According to the allegations in the complaint, Ali withdrew substantial sums of money from defendants after January 2013. For example, Silk Road Finance paid more than $130,807 in rent for an apartment where his relatives lived, $23,915 in tuition for his children, and $25,000 to himself, under an alias, for credit card expenses (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142 [1993]).
Subjecting the foreign defendants to New York jurisdiction under an alter ego theory does not offend due process (see Front, Inc. v Khalil, 103 AD3d 481, 483 [1st Dept 2013], affd 24 NY3d 713 [2015]). In addition, even apart from jurisdiction on an alter ego theory, New York has personal jurisdiction over Eurasia Capital Ltd., Silk Road Management Limited, and Silk Road Finance Limited based on their "intentional and repeated use of New York correspondent bank accounts" (Rushaid v Pictet & Cie, 28 NY3d 316, 319 [2016]).
The court did not improvidently exercise its discretion by denying defendants' forum non conveniens motion (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). As already noted, Ali has not appealed, and this action will proceed against him in New York; keeping defendants in the case will therefore not burden the New York courts. Although defendants' current principal lives in Uzbekistan, it appears from the record that Ali, not the current principal, will be the main witness in this case. In any event, assuming the principal's [*2]testimony is required, he can presumably appear by electronic means.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023