Federal Natl. Mtge. Assn. v Araka (2023 NY Slip Op 03544)

Federal Natl. Mtge. Assn. v Araka

2023 NY Slip Op 03544

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Mendez, Shulman, Rodriguez, JJ. 

Index No. 35194/18E Appeal No. 599-599A Case No. 2022-04606 

[*1]Federal National Mortgage Association ("Fannie Mae"), etc., Plaintiff-Respondent,
v
Benedict Araka, Defendant-Appellant, New York City Environmental Control Board et al., Defendants.

Joseph N. Obiora, Jamaica, for appellant.
Friedman Vartolo LLP, New York (Ronald P. Labeck of counsel), for respondent.

Orders, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about June 28, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Benedict Araka's cross-motion for summary judgment dismissing the complaint as against him, and granted plaintiff's motion for summary judgment on its foreclosure complaint and an order of reference, unanimously modified, on the law, plaintiff's motion for summary judgment denied, and otherwise affirmed, without costs.
The court should not have granted plaintiff summary judgment on its complaint because, as the court itself had acknowledged, plaintiff failed to establish prima facie that it satisfied the condition precedent of serving defendant with the contractual notice of default in accordance with the terms of the mortgage agreement (see HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966 [2d Dept 2012]). Pursuant to the mortgage agreement, plaintiff was required to mail the notice of default to the address of the mortgaged property unless defendant supplied the lender with a different address. It is undisputed that the notice was mailed to the address of an attorney's law office, rather than the address of the subject property. Although plaintiff demonstrated that the attorney's address was the address on file, plaintiff failed to submit any competent proof showing that defendant had designated the address as the address to be used for service of the notice. Accordingly, plaintiff has not established its entitlement to summary judgment as a matter of law.
Defendant's bare denial of receipt of the default notice was insufficient to warrant granting his cross-motion for summary judgment dismissing the complaint as against him, notwithstanding plaintiff's failure to establish prima facie that the required notice was properly sent (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24 [2d Dept 2019], lv dismissed 39 NY3d 979 [2023]). To be entitled to summary judgment, defendant must make a prima facie showing that he did not apprise the prior lenders that the attorney's address was the appropriate address to use for service of the notice, which he did not do (see id.). Because neither plaintiff nor defendant proffered any explanation as to how the attorney's address came to be the updated address on file, it cannot be determined as a matter of law whether the notice of default was served in accordance
with the terms of the mortgage agreement, precluding summary judgment in favor of either party. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023