## Seneca Ins. Co., Inc. v ZD Discount Inc.

2024 NY Slip Op 33039(U)

August 26, 2024

Supreme Court, New York County

Docket Number: Index No. 156998/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**     PART     **33M**

*Justice*

---------------------------------------------------------------------X

SENECA INSURANCE COMPANY, INC. A/S/O DP BUILDERS INC.

         Plaintiff,

- v -

ZD DISCOUNT INC.,

         Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156998/2023 |
| MOTION DATE | 02/15/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for          JUDGMENT - DEFAULT         .

Upon the foregoing documents, including opposition by Defendant ZD Discount Inc. ("Defendant") (NYSCEF Docs. 20-24), Plaintiff Seneca Insurance Company, Inc. a/s/o DP Builders Inc.'s ("Plaintiff") motion for default judgment in favor of Plaintiff and against Defendant is denied without prejudice.

An applicant for default judgment against a defendant must submit: (i) proof of service of the summons and complaint, (ii) proof of the facts constituting the claim, and (iii) proof of the defaulting defendant's failure to answer or appear (*PV Holding Corp v AB Quality Health Supply Corp*, 189 AD3d 645 [1st Dept 2020]). Affidavits submitted in support of a motion for default judgment only need to allege enough facts to allow a court to assess where a viable cause of action exists (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). In undertaking this review, the Court is mindful that "defaulters are deemed to have admitted all factual allegations in the complaint and all reasonable inferences that flow from them (*Al Fayed v Barak*, 39 AD3d 371, 372 [1st Dept 2007]). Further, "[i]n opposing a motion for default judgment, defendants are to

**156998/2023 SENECA INSURANCE COMPANY, INC. A/S/O DP BUILDERS INC. vs. ZD DISCOUNT INC.**
Motion No. 001

Page 1 of 4

[* 1]

'demonstrate a reasonable excuse for the default and a meritorious defense,' and to support their assertions through the submission of an affidavit" (*Xiaoyong Zhang v Jong*, 195 AD3d 435 [1st Dept 2021] citing *Morrison Cohen LLP v Fink*, 81 AD3d 467, 468 [1st Dept 2011]).

Plaintiff has satisfied proof of service by attaching an Affidavit of Service evidencing service of the Summons and Complaint upon Defendant through the Secretary of State on September 28, 2023 (NYSCEF Doc. 8). Plaintiff has also satisfied its minimal burden of proving the facts constituting its claim by filing the Affirmation of Plaintiff's Subrogation manager, Greg Polsky ("Polsky") (NYSCEF Doc. 5). While Defendant contends that Polsky does not possess sufficient knowledge to support Plaintiff's motion for default judgment, this argument is unavailing.

Defendant filed an untimely Answer to Plaintiff's Complaint dated April 2, 2024 (NYSCEF Doc. 19). In opposition to Plaintiff's motion for default judgment, Defendant contends that it has a meritorious defense and a reasonable excuse for its untimely Answer (NYSCEF Doc. 20). In support of these contentions, Defendant submits the affidavit of its attorney (NYSCEF Doc. 20), as well as an Affirmation from its owner, Zhourui Sun ("Sun") (the "Sun Affirmation") (NYSCEF Doc. 21), which was translated to English by Plaintiff's counsel (*Id.* at 2).

On its face, the Court finds that the Sun Affirmation provides a reasonable excuse for Defendant's delay in appearing as well as a meritorious defense. However, the Sun Affirmation fails to attach a translator affidavit as required by CPLR 2101(b). Given the strong public policy in favor of disposing of cases on their merits" (*Johnson-Roberts v Ira Judelson Bail* Bonds, 140 AD3d 509, 510 [1st Dept 2016]), and the fact that Defendant has now filed an Answer in this action (NYSCEF Doc. 19), Plaintiff's motion for default judgment is conditionally denied, without prejudice, to afford Defendant the opportunity to supplement its papers with the required

**156998/2023  SENECA INSURANCE COMPANY, INC. A/S/O DP BUILDERS INC. vs. ZD DISCOUNT INC.**
**Motion No.  001**

Page 2 of 4

2 of 4

[* 2]

translator's affidavit within 30 days. Plaintiff is granted leave to refile its motion for default judgment within 30 days of this Decision and Order in the event that Defendant fails to submit a translator's affidavit.

Accordingly, it is hereby,

ORDERED that Plaintiff Seneca Insurance Company, Inc. a/s/o DP Builders Inc.'s motion for default judgment in favor of Plaintiff and against Defendant ZD Discount Inc. is conditionally denied, without prejudice, with leave to renew within 30 days in the event that Defendant fails to provide the Court with a translator's affidavit in accordance with CPLR 2101(b); and it is further

ORDERED that Plaintiff is conditionally compelled to accept Plaintiff's Answer dated April 2, 2024 pending Defendant's filing of a translator's affidavit within 30 days of this Decision and Order; and it is further

ORDERED that the parties in this case are directed to submit a proposed Preliminary Conference Order to the Court on or before October 7, 2024 via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Preliminary Conference Order, the parties are directed to appear for an in-person preliminary conference with the Court on October 9, 2024 at 9:30 a.m. in 60 Centre Street, Room 442, New York, New York; and it is further

ORDERED that within 10 days of entry, Counsel for Defendant ZD Discount Inc. shall serve a copy of this Decision and Order, within notice of entry, upon all parties to this action; and it is further

*[The remainder of this page is intentionally left blank]*

**156998/2023 SENECA INSURANCE COMPANY, INC. A/S/O DP BUILDERS INC. vs. ZD DISCOUNT INC.**
**Motion No. 001**

**Page 3 of 4**

[* 3]

3 of 4

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **8/26/2024**<br>DATE | *Mary V Rosado JSC*<br>HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156998/2023   SENECA INSURANCE COMPANY, INC. A/S/O DP BUILDERS INC. vs. ZD DISCOUNT INC.**
**Motion No.  001**

**Page 4 of 4**

4 of 4