**Government Empls. Ins. Co. v Caremed DME, Inc.**

2026 NY Slip Op 30694(U)

February 27, 2026

Supreme Court, New York County

Docket Number: Index No. 150025/2025

Judge: Matthew V. Grieco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MATTHEW V. GRIECO**

*Justice*

| | |
|---|---|
| PART | 30M |
| INDEX NO. | 150025/2025 |
| MOTION DATE | 10/30/2025 |
| MOTION SEQ. NO. | 001 |

------------------------------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY,

Plaintiff,

- v -

CAREMED DME, INC.,CHAI DIAGNOSTICS, LLC,CLIFFSIDE PARK IMAGING & DIAGNOSTIC CENTER, LLC,CONCEPT LINE, INC.,DIAGNOSTIC NEUROLOGY, P.C.,DS MEDICAL DIAGNOSTICS, P.C.,FIRST STOP PT, P.C.,FUNCTIONAL REHABILITATION MEDICINE OF NY, P.C.,GLOBAL OS, LLC,KTJ PHYSICAL THERAPY, P.C.,LUMINEX BK, LLC,MB CENTURY, INC.,MEDICAL CARE OF QUEENSBOROUGH, P.C.,PHARMACY ON GRAND, INC.,PRIME SPECIALTY PHARMACY, LLC,PSYCHOLOGY 21, P.C.,RASHBI DIAGNOSTICS IMAGING, INC.,REFUAH DIAGNOSTICS, LLC,RIGHT CHOICE SUPPLY, INC.,RS ORTHO SUPPLY, INC.,SARVAT MEDICAL SUPPLIES CORP., SOUTH BRONX MEDICAL REHABILITATION, P.C.,TARGET CHIROPRACTIC, P.C.,TIMSTRO PRODUCTS CORP., TM OS, LLC,TRI-BOROUGH NY MEDICAL PRACTICE, P.C.,U.K. SINHA PHYSICIAN, P.C.,UPTOWN HEALTHCARE MANAGEMENT, INC. D/B/A AMBULATORY SURGERY CENTER OF EAST TREMONT MEDICAL CENTER, VITAL CRAFT OS, LLC,W JOSEPH GORUM MD, P.C.,WAY TO REHAB PT, P.C.,WELLNESS LINE, INC.,PRINCE SAGE, DEJUAN ALLBRITTON

Defendant.

------------------------------------------------------------X

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64

were read on this motion to/for            JUDGMENT - DEFAULT       .

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's

motion for a default judgment is granted in part and denied in part.

150025/2025 GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. CAREMED DME, INC. ET AL
Motion No. 001

Page 1 of 5

On December 31, 2024, plaintiff, Government Employees Insurance Company, Including Its Subsidiaries and Affiliates, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company ("GEICO"), commenced this action for a declaratory judgment that it owes no duty to pay any no-fault claims arising out of a motor vehicle collision that allegedly occurred on December 10, 2023, on the ground that claimants defendants Prince Sage and Dejuan Allbritton each failed to appear for duly and properly requested examinations under oath ("EUOs") on two separate occasions, which constituted a violation of a condition precedent to coverage by the terms of the policy and under the no-fault regulations (NYSCEF Doc. No. 1 [Summons and Complaint]).

Defendants Timstro Products Corp. and Wendell Gorum MD, P.C. s/h/a W. Joseph Gorum MD, P.C. filed an answer on January 30, 2025 (NYSCEF Doc. No. 35). Defendants DS Medical Diagnostics, P.C., Pharmacy On Grand, Inc., and Rashbi Diagnostics Imaging, Inc. filed and answer with counterclaims on February 21, 2025 (NYSCEF Doc. No. 40); plaintiff filed a reply to the counterclaims on March 5, 2025 (NYSCEF Doc. No. 41). Defendant South Bronx Medical Rehabilitation, P.C. filed an answer and counterclaims on May 30, 2025 (NYSCEF Doc. No. 48). Defendants TM OS LLC and Vital Craft OS LLC filed an answer with counterclaims on June 26, 2025 (NYSCEF Doc. No. 49).

Defendant Psychology 21, P.C. filed an answer on March 25, 2025 (NYSCEF Doc. No. 46); plaintiff sent a notice of rejection on April 2, 2025, on the ground that the answer was untimely filed (NYSCEF Doc. No. 47).

150025/2025  GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS          Page 2 of 5
SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. CAREMED DME, INC. ET AL
Motion No.  001

2 of 5

[* 2]

On October 31, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 against all defendants except the ones whose answers it had accepted (Timstro Products Corp., Wendell Gorum MD, P.C., DS Medical Diagnostics, P.C., Pharmacy On Grand, Inc., and Rashbi Diagnostics Imaging, Inc., South Bronx Medical Rehabilitation, P.C., TM OS LLC, and Vital Craft OS LLC), and claimants Sage and Allbritton (whom plaintiff had been unable to serve despite diligent efforts) (NYSCEF Doc. Nos. 51-64).

Defendant Prime Specialty Pharmacy, LLC subsequently filed an answer with counterclaims on November 23, 2025 (NYSCEF Doc. No. 65), which plaintiff rejected as untimely (NYSCEF Doc. No. 66).

Although the answers of defendants Psychology 21, P.C. and Prime Specialty Pharmacy, LLC were filed late (*see* CPLR 3012), there is no prejudice, particularly in light of plaintiff's acceptance of other late answers and its concession that default judgment is unavailable as to eight other medical provider defendants as well as the two claimants defendants; in the interest of justice, the Court will deem the answers timely filed (*see Morales v American United Transp., Inc.*, 214 AD3d 415 [1st Dept 203]; *New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463 [1st Dept 2012]).

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists"

**150025/2025 GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. CAREMED DME, INC. ET AL Motion No. 001**

**Page 3 of 5**

3 of 5

[* 3]

(*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

"The failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent vitiating coverage" (*Mapfre Ins. Co. of New York v Manoo*, 140 AD3d 468, 470 [1st Dept 2016]).

Here, plaintiff has demonstrated that it is entitled to a default judgment by submitting, *inter alia*: the summons and verified complaint (NYSCEF Doc. No. 1); affidavits of service (NYSCEF Doc. Nos. 2, 4-7, 9-15, 20-23, 25, 28-30, 33-35, 50); an affirmation of a GEICO claims adjuster, attesting to files maintained in this case, including claims received from or on behalf of the two claimants, GEICO's standard business and mailing practices, and the reasons GEICO sought EUOs for both claimants (NYSCEF Doc. No. 53); an affirmation of a GEICO EUO coordinator, attesting to the timely mailing and scheduling of at least two EUOs for each of the claimants, and both claimants' failure to appear at any EUO (NYSCEF Doc. No. 54); the EUO notices and transcripts (NYSCEF Doc. No. 59); a Department of Motor Vehicles MV-104 accident report (NYSCEF Doc. No. 57); no-fault claims forms (NYSCEF Doc. No. 58); and an attorney affirmation in support of the motion (NYSCEF Doc. No. 52).

It is therefore

ORDERED that plaintiff's motion for default judgment is granted as to defendants Caremed DME, Inc., Chai Diagnostics, LLC, Cliffside Park Imaging & Diagnostic Center, LLC, Concept Line, Inc., Diagnostic Neurology, P.C., First Stop PT,

**150025/2025  GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. CAREMED DME, INC. ET AL Motion No. 001**
**Page 4 of 5**

4 of 5

[* 4]

P.C., Functional Rehabilitation Medicine of NY, P.C., Global OS, LLC, KTJ Physical Therapy, P.C., Luminex BK, LLC, MB Century, Inc., Medical Care of Queensborough, P.C., Refuah Diagnostics, LLC, Right Choice Supply, Inc., RS Ortho Supply, Inc., Sarvat Medical Supplies Corp., Target Chiropractic, P.C., Tri-Borough NY Medical Practice, P.C., U.K. Sinha Physician, P.C., Uptown Healthcare Management, Inc. d/b/a Ambulatory Surgery Center of East Tremont Medical Center, Way To Rehab PT, P.C., Wellness Line, Inc.; and it is further

ORDERED that the answers of defendants Psychology 21, P.C. and Prime Specialty Pharmacy, LLC are deemed timely filed; and it is further

ORDERED that plaintiff's motion for default judgment is denied as to defendants Psychology 21, P.C. and Prime Specialty Pharmacy, LLC; and it is further

ORDERED that the Clerk is directed to enter judgment declaring that plaintiff, GEICO, has no duty to provide no-fault reimbursements to the defaulting defendants for any claim or bill submitted by or on behalf of claimants Sage or Allbritton arising out of the alleged incident of December 10, 2023, GEICO claim number 8798168450000001.

| 2/27/2026 | | |
|-----------|---|---|
| DATE | | MATTHEW V. GRIECO, J.S.C. |

CHECK ONE:
- [ ] CASE DISPOSED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED [ ] DENIED [X] GRANTED IN PART [ ] OTHER

APPLICATION:
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

150025/2025 GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. CAREMED DME, INC. ET AL Motion No. 001

Page 5 of 5

5 of 5