May v Gibbs (2026 NY Slip Op 01602)

May v Gibbs

2026 NY Slip Op 01602

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 160607/22|Appeal No. 6149|Case No. 2025-00870|

[*1]Owen May, Plaintiff-Respondent,
vGerson Gibbs, Defendant-Appellant.

Gusrae Kaplan Nusbaum PLLC, New York (Craig Riha of counsel), for appellant.
Law Offices of Stephen R. Markman, New York (Stephen R. Markeman of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered January 21, 2025, which granted plaintiff's motion for a default judgment and denied defendant's motions for a permanent stay of this action and for vacatur of an order of seizure, unanimously reversed, on the law, with costs, the motion for default judgment denied, and the motions for a permanent stay and for vacatur of the order of seizure granted.
Supreme Court improperly granted plaintiff's motion for a default judgment, as defendant demonstrated a reasonable excuse for the default and a meritorious defense, and submitted an affidavit to support his assertions (see e.g. Xiaoyong Zhang v Jong, 195 AD3d 435, 435 [1st Dept 2021]; Morrison Cohen LLP v Fink, 81 AD3d 467, 468 [1st Dept 2011]). The circumstances underlying defendant's delay in responding to the complaint, which seeks replevin of a brass sign recovered from the World Trade Center 9/11 site, show that the delay was not willful. The record makes clear that defendant did not intend to default, as counsel for defendant appeared in the action shortly before plaintiff's motion for a default judgment was processed. Defendant also timely opposed plaintiff's motion for a default judgment by filing a motion to dismiss the complaint, asserting lack of jurisdiction and other defenses (see New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 465 [1st Dept 2012]).
As to a meritorious defense, Supreme Court had previously determined in an earlier order in a separate action that plaintiff's claims against defendant, including his claim for the brass sign, were subject to arbitration before the Financial Industry Regulatory Authority (FINRA) (see Morales v American United Transp., Inc., 214 AD3d 415, 416 [1st Dept 2023]). Plaintiff filed the complaint in this action while making the same claim for the brass sign in the FINRA arbitration yet failed to apprise the court of either the pending FINRA arbitration or the earlier Supreme Court order (see Xiaoyong Zhang, 195 AD3d at 435). Given the questions of fact as to the merits, the brief delay, the lack of intention on defendant's part to default, and plaintiff's failure to demonstrate any prejudice attributable to the delay, as well as the policy preference in favor of resolving disputes on the merits, defendant's untimeliness should have been excused (see New Media Holding Co., 97 AD3d at 466).
Furthermore, Supreme Court should have dismissed the complaint and vacated the seizure order, as it had already been determined in the earlier order that the alleged conversion of the brass sign was subject to arbitration before FINRA and plaintiff never appealed from that order (see Nimble Ventures, LLC v Graves, 192 AD3d 514, 516 [1st Dept 2021]). Once the issue was remanded to arbitration, the court's role ended and it did not have the power to address the merits of the replevin claims (see Markowits v Friedman, 144 AD3d 993, 996-997 [2d Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026