■ METROCA L. TA-CHOTANI, Respondent, v DOUBLECLICK, INC., Appellant. [714 NYS2d 34] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 18, 2000, which, in an action for specific performance of a stock option purchase agreement, *inter alia*, granted plaintiff employee's motion for summary judgment, and denied defendant employer's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Pursuant to a stock option plan dated August 30, 1996, defendant granted plaintiff an option to purchase up to 4,000 shares of its stock at the price of $0.14 a share. By a "Notice to Exercise Stock Option" dated October 10, 1997, plaintiff elected to purchase 1,000 shares, tendering a check in full payment therefor. On November 3, 1997, plaintiff resigned from her position as manager of billings and collections. By letter dated November 12, 1997, defendant purported to terminate her employment, together with her rights to vested and unvested options, as of November 3, 1997.

Defendant's contention that plaintiff failed to execute and deliver a counterpart of its security holders agreement in connection with her exercise of the option is unpreserved for review. This argument was not presented to Supreme Court, and where an issue might have been obviated by the submission of documentary evidence, it may not be raised for the first time on appeal (*First Intl. Bank v Blankstein & Son*, 59 NY2d 436, 447; *see also, Telaro v Telaro*, 25 NY2d 433, 438; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276). Nor may a party advance for the first time on appeal a theory not presented to the motion court (*Recovery Consultants v Shih-Hsieh, supra*, at 276, citing *Huston v County of Chenango*, 253 App Div 56, 60-61, *affd* 278 NY 646).

Defendant's claim that it terminated plaintiff's employment subsequent to her resignation is disingenuous, and the attempted retroactive termination is without effect. Moreover, defendant failed to comply with a 14-day notice provision comprising a condition precedent to termination of an employee for cause.

The provisions in defendant's June 4, 1997 Stockholders

Agreement regarding repurchase of shares subject to a stock option upon termination of an employee, with or without cause, are applicable only to "Callable Options", defined as "Options granted on or after the date hereof." Irrespective of whether defendant's tender of the option price might be said to comply with its obligation to pay fair market value for the shares it professes to have repurchased, the option plan expressly provides that the subject option "shall be considered granted as of the date hereof" (August 30, 1996). Therefore, the option exercised by plaintiff does not come within the definition of a "callable option" granted on or after June 4, 1997 and is not subject to any repurchase provision. Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.