OPINION OF THE COURT
Per Curiam.
Order entered April 26, 2004 affirmed with $10 costs.
Nonparty assignor L.L. Rainey-Williams was injured in an automobile accident in May 2002 and subsequently sought health services from plaintiff health care provider. After defendant insurer was notified orally by Rainey-Williams that he had sustained injuries, it scheduled preclaim independent medical examinations (IMEs) to be conducted by various health providers in order to verify the medical necessity of any health services being provided. When Rainey-Williams failed to attend the IMEs or otherwise contact defendant, follow-up letters rescheduling the IMEs were mailed to him within 10 calendar days. Rainey-Williams did not attend the rescheduled IMEs. The letters scheduling and rescheduling the IMEs were mailed to Rainey-Williams to the two separate addresses he provided defendant.
Between September 16 and November 12, 2002, defendant received several claims, totaling $6,417.02, for health services provided by plaintiff to Rainey-Williams from June 6 to October 29, 2002. Defendant issued timely denials of each claim premised on Rainey-Williams’ failure to attend the IMEs. Plaintiff, as assignee, commenced this action seeking judgment in the amount of the outstanding claims and thereafter moved for summary judgment, alleging that it never received any notices for the examination of Rainey-Williams. Defendant cross-moved for summary judgment, arguing that Rainey-Williams, by failing to appear for the IMEs, had violated a condition precedent to coverage under the no-fault endorsement of the insurance policy. Plaintiff, in reply, asserted that defendant failed to submit proper proof of mailing of the IME notices.
Pursuant to the “Conditions” provision of the prescribed no-fault endorsement in New York, 11 NYCRR 65-1.1 (Regulation 68), an insurer may require an injured person to submit to medical examinations, “when and as often as, the [cjompany may reasonably require.” The request for a medical examination constitutes a request for verification by an insurer, whether it is made before a claim is submitted or after the submission of *20 a claim as additional verification, and as such, is subject to the follow-up provisions of 11 NYCRR 65-3.6 (b) (see NY Ins Gen Counsel Op No. 05-02-21 [2005], 2005 NY Insurance GC Opinions LEXIS 31).
Under the same “Conditions” provision, the section headed “Action Against Company” provides that “[n]o action shall lie against the [c]ompany unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.” Inasmuch as attendance at a medical examination is a condition of coverage under section 65-1.1, it follows that an eligible injured person’s failure to comply with a request for an IME precludes an action against an insurer for payment of health services provided. To the extent that the Appellate Term, Second Department, in Stephen Fogel Psychological, PC. v Progressive Cas. Ins. Co. (7 Misc 3d 18 [2004]), held to the contrary, we decline to follow the majority’s holding and find more persuasive the conclusion reached by Justice Golia in his dissent.
Here, defendant, on its cross motion for summary judgment, established that after receiving oral notification of the accident from Rainey-Williams, it scheduled IMEs and follow-up examinations, which Rainey-Williams failed to attend, in breach of the condition precedent relating to IME attendance. Defendant also submitted proof that the letters scheduling the IMEs were mailed to the addresses provided by Rainey-Williams. Plaintiff, in opposition, did not submit any evidence to raise an issue of fact as to the reasonableness of the request and/or RaineyWilliams’ failure to attend the IMEs. Accordingly, defendant was entitled to summary judgment dismissing the complaint for failure to comply with a condition precedent to coverage.
McCooe, J.E, Gangel-Jacob and Schoenfeld, JJ., concur.