■ ALLSTATE INSURANCE COMPANY, Respondent, v JEAN EDDY PIERRE et al., Defendants, and ADELAIDA LAGA PT et al., Appellants. [999 NYS2d 402]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 18, 2013, which granted plaintiff insurer's motion for summary judgment declaring that defendants-appellants are not entitled to no-fault benefits, unanimously modified, on the law, solely to declare that defendants-appellants are not entitled to no-fault benefits, and otherwise affirmed, without costs.

Plaintiff established that defendants are not entitled to no-fault benefits because their assignors failed to appear at scheduled examinations under oath (EUOs). This Court in *Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC* (82 AD3d 559 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]) held that the failure to submit to requested independent medical examinations (IMEs) constitutes a breach of a condition precedent to coverage under a no-fault policy and voids coverage regardless of the timeliness of the denial of coverage (*id*. at 560). Although the instant case involves the failure to appear at EUOs, and not IMEs, this Court's holding in *Unitrin* applies to EUOs (*see e.g. Interboro Ins. Co. v Perez*, 112 AD3d 483, 483 [1st Dept 2013]; *Seacoast Med., P.C. v Praetorian Ins. Co.*, 38 Misc 3d 127[A], 2012 NY Slip Op 52354[U] [App Term, 1st Dept 2012]; *Interboro Ins. Co. v Clennon*, 113 AD3d 596, 597 [2d Dept 2014]). Defendants do not dispute that their assignors failed to appear at their first EUOs, and plaintiff established, through admissible evidence, that the assignors failed to appear at their second EUOs (*see Arco Med. NY, P.C. v Metropolitan Cas. Ins. Co.*, 41 Misc 3d 140[A], 2013 NY Slip Op 52001[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; *Quality Psychological Servs., P.C. v Interboro Mut. Indem. Ins. Co.*, 36 Misc 3d 146[A], 2012 NY Slip Op 51628[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Plaintiff also established that the statements on the record were business records (*see e.g. People v Cratsley*, 86 NY2d 81, 90-91 [1995]; *One Step Up, Ltd. v Webster Bus. Credit Corp.*, 87 AD3d 1, 11-12 [1st Dept 2011]). Although plaintiff was required to show (and did show) that the assignors each failed to appeared at two EUOs (*see DVS Chiropractic, P.C. v Interboro Ins. Co.*, 36 Misc 3d 138[A], 2012 NY

Slip Op 51443[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), plaintiff was not required to demonstrate that the assignors' nonappearances were willful (*see Unitrin*, 82 AD3d at 561).

Defendants' argument that plaintiff failed to establish that it had mailed the EUO notices to the assignors' correct addresses is unpreserved (*see e.g. Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313, 313 [1st Dept 2000]) and unavailing (*see American Tr. Ins. Co. v Leon*, 112 AD3d 441, 442 [1st Dept 2013]). Similarly, their argument that plaintiff waived the defense of the assignors' nonappearance because plaintiff did not establish that it ever denied defendants' claims is unpreserved (*see* 276 AD2d at 313). In any event, the argument is unavailing, as defendants' own verified answer alleged that plaintiff had denied their claims.

Defendants failed to show that summary judgment is premature due to outstanding discovery (*see Interboro*, 113 AD3d at 597).

We modify the court's order solely to make a declaration in plaintiff's favor (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]; *see also QBE Ins. Corp. v Jinx-Proof Inc.*, 102 AD3d 508, 510 [1st Dept 2013]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.