■ MAPFRE INSURANCE COMPANY OF NEW YORK, Appellant, v BALGOBIN MANOO et al., Defendants, and ACTIVE CARE MEDICAL SUPPLY CORPORATION, Respondent. [33 NYS3d 54]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about November 13, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Active Care Medical Supply Corporation (Active Care) to reargue and, upon reargument, denied plaintiff's motion for summary judgment, reversed on the law, without costs, plaintiff's motion granted, and it is declared that plaintiff is not obligated to pay Active Care for the claim at issue.

On November 14, 2011, plaintiff's insured, defendant Balgobin Manoo, was involved in an automobile accident. On or about January 10, 2012, he received treatment from Active Care, at which time he executed an assignment of benefits. Prior thereto, plaintiff had referred Manoo's claim for no-fault benefits for investigation due to inconsistencies in his statements as to treatment.

The policy's New York State Mandatory Personal Injury Protection Endorsement required, as a condition precedent, full compliance with the conditions of coverage, which included the insured's appearance at an examination under oath (EUO), "as may reasonably be required" (*see* 11 NYCRR 65-1.1). By letter dated February 3, 2012, plaintiff requested an EUO to confirm the facts and circumstances of Manoo's loss and the treatment he received. The letter, which scheduled the EUO

for February 16, was received by Manoo on February 9. Meanwhile, Active Care drafted an NF-3 claim form dated February 7, 2012.

Manoo did not appear on February 16, 2012 for his EUO. By letter dated February 23, 2012, the EUO was rescheduled for March 9, 2012. When Manoo again failed to appear, by letter dated March 16, 2012, the EUO was rescheduled for a third and final date of March 30, 2012. Manoo failed to appear, and plaintiff commenced this action seeking a declaratory judgment that defendants are ineligible to receive no-fault reimbursements due to Manoo's failure to comply with a condition precedent to coverage under his insurance policy and the no-fault regulations by failing to appear for an EUO.

Supreme Court initially granted plaintiff summary judgment declaring that it was not obligated to provide no-fault coverage to Active Care. However, upon granting reargument, the court denied summary judgment and restored the action. In so ruling, the court held that plaintiff did not establish that its initial February 3, 2012 request for an EUO was made within the time frame set forth in the no-fault implementing regulations, because it submitted no proof as to when it received Active Care's NF-3 form (*see* 11 NYCRR 65-3.5 [b] ["Subsequent to the receipt of one or more of the completed verification forms, any additional verification required by the insurer to establish proof of claim shall be requested within 15 business days of receipt of the prescribed verification forms"]). We now reverse.

Plaintiff made a prima facie showing of its entitlement to summary judgment dismissing Active Care's claim for first-party no-fault benefits by establishing that it timely and properly mailed the notices for EUOs to Manoo and that Manoo failed to appear at his initial and follow-up EUOs. The record establishes that plaintiff requested Manoo's initial EUO by letter dated February 3, 2012. Although Active Care's NF-3 form is dated February 7, 2012, plaintiff was entitled to request the EUO prior to its receipt thereof (*see* 11 NYCRR 65-1.1; *Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 7 Misc 3d 18, 20-21 [App Term, 2d Dept, 2d & 11th Jud Dists 2004], *affd* 35 AD3d 720 [2d Dept 2006]; *Life Tree Acupuncture P.C. v Republic W. Ins. Co.*, 50 Misc 3d 132[A], 2016 NY Slip Op 50023[U] [App Term, 1st Dept 2016]; *Alfa Med. Supplies, Inc. v Praetorian Ins. Co.*, 50 Misc 3d 126[A], 2015 NY Slip Op 51847[U] [App Term, 1st Dept 2015]). The notification requirements for verification requests under 11 NYCRR 65-3.5 and 65-3.6 do not apply to EUOs that are scheduled prior to the insurance company's receipt of a claim form (*see Fogel*, 7 Misc

3d at 21; *New York Cent. Mut. Fire Ins. Co. v Bronx Chiropractic Servs, P.C.*, 2014 NY Slip Op 33210[U] [Sup Ct, NY County 2014]).

Once Active Care presented its claim dated February 7, 2012, plaintiff was required to comply with the follow-up provisions of 11 NYCRR 65-3.6 (b) (*see Inwood Hill Med., P.C. v General Assur. Co.*, 10 Misc 3d 18, 19-20 [App Term, 1st Dept 2005]). Plaintiff established that it fulfilled its obligation under section 65-3.6 (b) by rescheduling Manoo's EUOs within 10 days of his failure to appear at each scheduled exam (*see Arco Med. NY, P.C. v Lancer Ins. Co.*, 37 Misc 3d 136[A], 2012 NY Slip Op 52178[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). The second EUO scheduling letter was sent on February 23, 2012, which was just seven days after the February 16, 2012 nonappearance. The third EUO scheduling letter was sent on March 16, 2012, which was just seven days after the March 9, 2012 nonappearance.

In opposition, Active Care did not raise a triable issue with respect to Manoo's nonappearance or the mailing or reasonableness of the underlying notices (*see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]; *Easy Care Acupuncture P.C. v Praetorian Ins. Co.*, 49 Misc 3d 137[A], 2015 NY Slip Op 51524[U] [App Term, 1st Dept 2015]).

The failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent vitiating coverage (*see Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]; *Allstate Ins. Co. v Pierre*, 123 AD3d 618 [1st Dept 2014]). "There is no requirement to demonstrate that the claims were timely disclaimed since the failure to attend medical exams was an absolute coverage defense" (*American Tr. Ins. Co. v Lucas*, 111 AD3d 423, 424-425 [1st Dept 2013], citing *New York & Presbyt. Hosp. v Country-Wide Ins. Co.*, 17 NY3d 586, 593 [2011]).

The dissent believes that *Fogel* should not be followed because it is inconsistent with settled principles in this Department. Yet the dissent cites no precedent holding that an insurer cannot request an EUO prior to its receipt of a claim form pursuant to 11 NYCRR 65-1.1 and the terms of the policy's Mandatory Personal Injury Protection Endorsement. As the Second Department explained in *Fogel* (35 AD3d 720), "The appearance of the insured for IMEs at any time is a condition precedent to the insurer's liability on the policy (*see* 11 NYCRR 65-1.1). This conclusion accords with the language of the mandatory endorsement and the interpretation given it by the

State Insurance Department, which promulgated the regulations (*see* 2005 Ops Ins Dept No. 05-02-21 [www.ins.state.ny.us/ogco2005/rg050221.htm; http://www.courts.state.ny.us/reporter/webdocs/no-fault_benefits_cutoff_ date.html]; 2003 Ops Ins Dept No. 03-02-12 [www.ins.state.ny.us/ogco2003/rg030212.htm; http://www.courts.state.ny.us/reporter/webdocs/failure_to_attend_no_fault_ ime.html]; 2002 Ops Ins Dept No. 02-04-19 [www.ins.state.ny.us/ogco2002/rg 204121.htm; http://www.courts.state.ny.us/reporter/webdocs/no_faultinsurer_medicalexaminations.html])" (*id.* at 722).

In sum, plaintiff established its prima facie entitlement to summary judgment through evidence that (i) it mailed Manoo the original EUO request in accordance with the policy's New York State Mandatory Personal Injury Protection Endorsement, before Active Care prepared its verification; (ii) after Manoo failed to appear at that EUO, and Active Care submitted its verification, plaintiff twice rescheduled the EUO in conformity with the requirements of 11 NYCRR 65-3.6 (b); and (iii) Manoo never appeared for an EUO, a condition precedent to coverage. In opposition, Active Care did not disprove any of these facts. On this record, plaintiff's failure to tender proof as to the exact date it received Active Care's verification is immaterial, and the dissent's position would unduly reward an insured who repeatedly failed to honor his obligation to appear for an EUO under the policy and the Insurance Department regulations. Concur—Tom, J.P., Friedman, Sweeny and Andrias, JJ.

Acosta, J., dissents in a memorandum as follows: I dissent because I believe that plaintiff failed to establish prima facie that it was entitled to a judgment declaring that it had no duty to cover defendant Active Care Medical Supply Corporation's bills for no-fault medical services rendered to Active Care's assignor, defendant Manoo, due to Manoo's failure to appear at examinations under oath (EUOs) (*see National Liab. & Fire Ins. Co. v Tam Med. Supply Corp.*, 131 AD3d 851 [1st Dept 2015]; *Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]).

Although Manoo's failure to appear for a properly noticed EUO constitutes a breach of a condition precedent vitiating coverage (*see Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]; *Allstate Ins. Co. v Pierre*, 123 AD3d 618 [1st Dept 2014]), plaintiff failed to tender proof that it received Active Care's verification. Thus, plaintiff did not demonstrate that it requested Manoo's EUO subsequent to

such receipt within the time prescribed in the Insurance Department Regulations (11 NYCRR 65-3.5 [b] [*"(s)ubsequent* to the receipt of one or more of the completed verification forms, any additional verification required by the insurer to establish proof of claim shall be requested within 15 business days of receipt of the prescribed verification forms" (emphasis added)]). Plaintiff's argument that it submitted evidence showing that its request for Manoo's EUO was made prior to the date of Active Care's claim is unavailing in the absence of proof of when the claim was received (*see id.*). Indeed, plaintiff's motion never disclosed when it received any claim forms whatsoever from either Manoo (Form NF-2) or any medical provider who rendered services to him (Form NF-3). Plaintiff would have this Court ignore 11 NYCRR 65-3.5 (b), notwithstanding the long-established rule that "[t]he No-Fault Law is in derogation of the common law and so must be strictly construed" (*Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co.*, 210 AD2d 210, 211 [2d Dept 1994]; *see also Matter of Bayswater Health Related Facility v Karagheuzoff*, 37 NY2d 408, 414 [1975]; *Pekelnaya v Allyn*, 25 AD3d 111, 118 [1st Dept 2005]). To the extent *Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.* (7 Misc 3d 18, 21 [App Term, 2d Dept, 2d & 11th Jud Dists 2004], *affd* 35 AD3d 720 [2d Dept 2006]) holds otherwise, I would not follow it, because it is inconsistent with settled principles in this Department. Plaintiff having failed to establish its prima facie entitlement to summary judgment, it is irrevelant that, as the majority notes, plaintiff rescheduled Manoo's EUO within 10 days of Manoo's failing to appear.