PV Holding Corp. v AB Quality Health Supply Corp. (2020 NY Slip Op 07725)





PV Holding Corp. v AB Quality Health Supply Corp.


2020 NY Slip Op 07725


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 160260/17 Appeal No. 12705N Case No. 2018-5951 

[*1]PV Holding Corp., et al., Plaintiffs-Appellants,
v
AB Quality Health Supply Corp., et al., Defendants, Atlas Radiology, P.C., et al., Defendants-Respondents.


Rubin, Fiorella, Friedmand & Mercante, LLP, New York (Vitaly Vilenchik of counsel), for appellants.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 15, 2018, which denied plaintiff's motion for default judgment against defendants Atlas Radiology, P.C. (Atlas), Hank Ross Medical, P.C. (Hank Ross), Quality Custom Medical Supply, Inc. (Quality Custom), and Kenneth Cole (together, the defaulting defendants), unanimously reversed, on the law, with costs, and default judgment awarded to plaintiff. The Clerk is directed to enter judgment accordingly.
A plaintiff moving for a default judgment based upon a defendant's failure to appear must submit proof of service of the summons and complaint and proof of the facts constituting the claim (CPLR 3215[f]). Plaintiff has established that the defaulting defendants have failed to answer the complaint or to otherwise appear. While declaratory judgment will rarely, if ever, be granted solely on default, plaintiff has sufficiently established the facts of its claim (Tanenbaum v Allstate Ins. Co., 66 AD2d 683, 684 [1st Dept 1978]).
As this Court has explained, the failure of a person eligible for no-fault benefits to appear for a "properly noticed" Examination Under Oath (EUO) on two separate occasions constitutes a breach of a condition precedent and will vitiate coverage (Kemper Independence Ins. Co. v Adelaida Phys. Therapy, P.C., 147 AD3d 437, 438 [1st Dept 2017], citing Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [1st Dept 2015]). This coverage defense will apply to "any claims," and is not determined on a bill by bill basis (see e.g. Hertz Vehicles, LLC v Alluri, 171 AD3d 432 [1st Dept 2019]).
The record evidence supports plaintiff's contention that the EUOs were "properly noticed" (Kemper, 147 AD3d at 438). A plaintiff is entitled to request an EUO, and may timely do so, prior to its receipt of a claim form (Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468, 469-470 [1st Dept 2016], lv granted 28 NY3d 1131 [2017], appeal dismissed 29 NY3d 995 [2017]; see also Hertz, 171 AD3d at 432). The notification requirements for verification requests found in 11 NYCRR 65-3.5 and 65-3.6 "do not apply to EUOs that are scheduled prior to the insurance company's receipt of a claim form" (Mapfre Ins. Co., 140 AD3d at 469-470). Here, the verified complaint, affidavit, affirmations, and documentary evidence establish that the EUOs were "scheduled prior to the insurance company's receipt of a claim form" (id.).
In opposition to plaintiff's motion for default judgment, defendants were required to "demonstrate a reasonable excuse for the default and a meritorious defense," and to support their assertions through the submission of an affidavit (Morrison Cohen LLP v Fink, 81 AD3d 467, 468 [1st Dept 2011]). Given defendants' failure to oppose the motion before the IAS court, there can be no question that they failed to raise a factual issue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020