**State Farm Mut. Auto. Ins. Co. v Anchor Rx Pharm., Inc**

2024 NY Slip Op 32049(U)

June 17, 2024

Supreme Court, New York County

Docket Number: Index No. 157340/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      HON. MARY V. ROSADO                          PART                    33M

                                                    _Justice_

------------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

                               Plaintiff,

                        - v -

ANCHOR RX PHARMACY, INC, BPC CHIROPRACTIC,
P.C.,COMPLETE NEUROPSYCHOLOGY, P.C.,EJ
CHIROPRACTIC P.C.,EVERYDAY SMILE PHYSICAL
THERAPY, P.C.,FLUSHING MEDICAL SUPPLY, INC, INEW
REHAB PHYSICAL THERAPY, P.C.,JK LIGHT
ACUPUNCTURE, P.C.,LZ MEDICAL DIAGNOSTIC,
P.C.,MANILLA CHIROPRACTIC, P.C.,MEDAID
RADIOLOGY, LLC,METRO PAIN SPECIALIST, P.C.,NEW
ROCHELLE MEDICAL CARE, P.C.,OPEOLUWA
ELEYINAYE, PARKWAY MEDICAL SERVICES, P.C,
SOVERA MEDICAL SUPPLY CORP., VERASO MEDICAL
SUPPLY CORP, LISA BRANCH

                            Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157340/2020 |
| MOTION DATE | 03/16/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114

were read on this motion to/for                       JUDGMENT - SUMMARY          .

      Upon the foregoing documents, and after oral argument, which took place on January 16, 2024, where Victoria Tarasova, Esq. appeared for Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff") and Michael Kroopnick, Esq. appeared for Defendants Complete Neuropsychology, P.C., Medaid Radiology, LLC, Metro Pain Specialist, P.C., New Rochelle Medical Care, P.C., Sovera Medical Supply Corp., and Veraso Medical Supply Corp. (the "Provider Defendants'), Plaintiff's motion for summary judgment seeking a declaration that the Provider Defendants are not entitled to claims submitted for treatment of Lisa Branch ("Ms. Branch") due to Ms. Branch's violation of the No-Fault Regulations, is granted.

157340/2020   STATE FARM MUTUAL AUTOMOBILE vs. ANCHOR RX PHARMACY, INC
Motion No.  003

Page 1 of 7

[* 1]

## A. Background

This is a declaratory judgment wherein Plaintiff seeks a declaration that it owes no duty to pay defendants' claims regarding an alleged October 12, 2019 motor vehicle accident due to the Ms. Branch's failure to appear at an examination under oath ("EUO") (NYSCEF Doc. 1). Plaintiff has already obtained default judgment against Defendants BPC Chiropractic, P.C., EJ Chiropractic, P.C., Inew Rehab Physical Therapy, P.C., JK Light Acupuncture, P.C., LZ Medical Diagnostic, P.C., New Rochelle Medical Care, P.C., Parkway Medical Services, P.C., and Lisa Branch (NYSCEF Doc. 65). Plaintiff now moves for summary judgment against the remaining Provider Defendants (NYSCEF Doc. 92).

Plaintiff claims that it requested the EUO of Ms. Branch on December 27, 2019 and received a bill from Sovera Medical Supply Corp. on December 13, 2019.[1] The requested EUO was adjourned once, and Ms. Branch failed to appear for her rescheduled February 20, 2020 EUO (NYSCEF Doc. 104). There were additional opportunities to appear for an EUO on March 25, 2020, June 26, 2020, and July 6, 2020 but on each date Ms. Branch did not appear. Once Ms. Branch failed to appear at the July 6, 2020 EUO, coverage was denied (NYSCEF Doc. 98 at ¶ 37).

Plaintiff argues that Ms. Branch's failure to comply with a condition precedent to coverage entitles it to deny all claims retroactively to the date of loss. The Provider Defendants oppose on the grounds that 11 NYCRR 65-3.8 requires an insurer to pay a claim or issue a denial within thirty (3) days of receipt of proof of claim and that failure to do so precludes the insurer from asserting a defense against payment of the claim. The Provider Defendants also argue that the EUO requests

---

[1] This appears to be a typo because the medical bill from Soverra was received on December 31, 2019, as stated in prior affirmations filed by Plaintiff's counsel (*see* NYSCEF Doc. 28).

**157340/2020   STATE FARM MUTUAL AUTOMOBILE vs. ANCHOR RX PHARMACY, INC**            **Page 2 of 7**
**Motion No.  003**

[* 2]

2 of 7

were not timely. The Provider Defendants further oppose on the grounds that Plaintiff lacked good cause and objective justification for requesting the EUOs.[2]

In reply, Plaintiff argues that the EUOs were timely scheduled because N.Y.C.R.R. § 65-3.5(b) states an EUO is timely if noticed within 15 business days of one or more of the completed verification forms and is silent as to whether it must be scheduled on receipt of the first claim. Plaintiff further argues that Ms. Branch's failure to comply with a condition precedent voids the policy *ab initio* allowing the insurer to deny all claims retroactively and that Provider Defendants have not provided any evidence contradicting Plaintiff's assertion of timeliness.

## B. Discussion

### 1. Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

---

[2] Provider Defendants also argue the motion is premature due to lack of discovery, but this argument is without merit as Provider Defendants stipulated to waiving discovery (NYSCEF Doc. 114).

**157340/2020   STATE FARM MUTUAL AUTOMOBILE vs. ANCHOR RX PHARMACY, INC**     **Page 3 of 7**
**Motion No. 003**

Failure to comply with a condition precedent entitles an insurer to deny all claims retroactively to the date of loss, regardless of whether denials were timely issued (*Nationwide Gen. Ins. Co. v South*, 223 AD3d 411 [1st Dept 2024]; *Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011]). A coverage defense based on failure to appear for an examination under oath applies to "any claims" and is not determined on a bill-by-bill basis (*PV Holding Corp. v AB Quality Health Supply Corp.*, 189 AD3d 645, 646 [1st Dept 2020]). The logic in this rule is that denial premised on breach of a condition precedent voids the policy ab initio, meaning the insurer cannot be precluded from asserting a defense premised on no coverage (*Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195 [1997]).

Although the Court of Appeals has held that failure to deny or pay a claim within 30 days of receipt of proof of the claim precludes an insurer from asserting a defense against payment of the claim, the Court of Appeals has expressly stated that the only exception to preclusion is where an insurer raises lack of coverage as a defense (*Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498 [2015]).

## 2. Analysis

Plaintiff's motion is granted. Plaintiff has established, *prima facie,* that Ms. Branch failed to appear for multiple EUOs thereby breaching a condition precedent to coverage. The uncontroverted evidence indicates that a claim was submitted by Defendant Sovera Medical Supply Corp. on December 31, 2019[3] (NYSCEF Docs. 90 at ¶ 26; 100).

---

[3] NYSCEF Doc. 100 contains a verification form from Sovera Medical Supply Corp. dated December 27, 2019 and with a further date on the right hand side dated December 31, 2019. Plaintiff's counsel appears to clarify on reply that the verification was received on December 31, 2019, not December 13, 2019. In any event, this is not a material issue of fact as an insurer is entitled to request an insured appear at an EUO even before receiving any claims from a medical provider (*Mapfre Ins. Co. of New York v Manoo*, 140 AD3d 468 [1st Dept 2016]). In opposition the Provider Defendants have failed to proffer any claims for medical bills which were sent to Plaintiff prior to December 27, 2019.

**157340/2020   STATE FARM MUTUAL AUTOMOBILE vs. ANCHOR RX PHARMACY, INC**                **Page 4 of 7**
**Motion No. 003**

4 of 7

Prior to receipt of Sovera Medical Supply Corp.'s bill, on December 27, 2019, an EUO of Ms. Branch was noticed for January 29, 2020 (NYSCEF Doc. 101). When Ms. Branch adjourned the January 29, 2020 EUO, it was rescheduled for February 20, 2020 (*id.*). Ms. Branch failed to appear at the February 20, 2020 EUO (NYSCEF Doc. 104). Via letter correspondence dated February 25, 2020, Ms. Branch was provided another opportunity to appear for an EUO on March 25, 2020 (NYSCEF Doc. 100). Ms. Branch failed to appear for the March 25, 2020 EUO, but due to the onset of the COVID-19 pandemic, Ms. Branch was given another opportunity to appear on June 26, 2020 (*id.*). After failing to confirm the June 26, 2020 EUO, Ms. Branch was provided one final opportunity to appear for an EUO, via Zoom, on July 6, 2020 (*id.*). Ms. Branch failed to appear at the July 6, 2020 Zoom EUO (NYSCEF Doc. 104). Each time the EUO was rescheduled, it was done within ten days of Ms. Branch's failure to appear (*Mapfre Ins. Co. of New York v Manoo*, 140 AD3d 468, 470 [1st Dept 2016]).

Failure to comply with a condition precedent entitles an insurer to deny all claims retroactively to the date of loss, regardless of whether denials were timely issued (*Nationwide Gen. Ins. Co. v South*, 223 AD3d 411 [1st Dept 2024]; *Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011]). A coverage defense based on failure to appear for an examination under oath applies to "any claims" and is not determined on a bill-by-bill basis (*PV Holding Corp. v AB Quality Health Supply Corp.*, 189 AD3d 645, 646 [1st Dept 2020]). Failure to appear at two properly scheduled EUOs entitles an insurer to deny coverage (*Unitrin Advantage Ins. Co. v Dowd*, 194 AD3d 507 [1st Dept 2021]). Based on the uncontroverted facts and binding precedent, Plaintiff is entitled to summary judgment.

The Provider Defendants opposition is without merit. A coverage defense based on failure to appear for an examination under oath applies to "any claims" and is not determined on a bill-

157340/2020  STATE FARM MUTUAL AUTOMOBILE vs. ANCHOR RX PHARMACY, INC
Motion No. 003

Page 5 of 7

5 of 7

by-bill basis (*PV Holding Corp. v AB Quality Health Supply Corp.*, 189 AD3d 645, 646 [1st Dept 2020]). Moreover, failure to deny or pay out claims within 30 days does not preclude a defense based on no coverage due to failure to comply with a condition precedent to coverage (*Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498 [2015]). Plaintiff's request for an EUO was not untimely (*see* 11 NYCRR 65-3.5[b]; *Mapfre, supra*). Moving Defendants have failed to provide any affidavit or controverting any of the material facts set forth by Plaintiff or taking this case outside the purview of *Mapfre* by showing medical bills were submitted prior to the December 31, 2019 bill submitted by Sovera Medical Supply Corp. Further, the evidence submitted provided a reasonable basis to request an EUO of Ms. Branch due to the fact that there was an extensive history of prior claims under this specific policy, there were inconsistent reports of the accident, and there was evidence that Ms. Branch retained an attorney prior to seeking any medical treatment. Thus, Plaintiff's motion is granted.

Accordingly, it is hereby,

ORDERED that Plaintiff State Farm Mutual Automobile Insurance Company's motion for summary judgment is granted; and it is further

ORDERED, ADJUDGED and DECLARED that Plaintiff State Farm Mutual Automobile Insurance Company has no duty to pay any No-Fault benefits, in the form of sums, monies, damage, awards, or benefits to Complete Neuropsychology, P.C., Medaid Radiology, LLC, Metro Pain Specialist, P.C., New Rochelle Medical Care, P.C., Sovera Medical Supply Corp., and Veraso Medical Supply Corp., their agents, employees, assignees, or heirs arising out of any current or future proceeding, including without limitation, arbitrations and lawsuits seeking to recover No-Fault benefits for the October 12, 2019 collision referenced in the complaint (also known as claim

157340/2020   STATE FARM MUTUAL AUTOMOBILE vs. ANCHOR RX PHARMACY, INC
Motion No. 003

Page 6 of 7

6 of 7

number 32-B767-4M3) and any such arbitrations and lawsuits are dismissed in accordance with this order, and it is further

ORDERED that within ten days of entry, counsel for Plaintiff State Farm Mutual Automobile shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/17/2024 | | *Mary V Rosado JSC* |
| --- | --- | --- |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☒ GRANTED  ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157340/2020  STATE FARM MUTUAL AUTOMOBILE vs. ANCHOR RX PHARMACY, INC**
**Motion No.  003**

Page 7 of 7

7 of 7