State Farm Mut. Auto. Ins. Co. v Equinox Physical Therapy, P.C. (2024 NY Slip Op 05193)

State Farm Mut. Auto. Ins. Co. v Equinox Physical Therapy, P.C.

2024 NY Slip Op 05193

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 160355/20 Appeal No. 2863 Case No. 2023-03172 

[*1]State Farm Mutual Automobile Insurance Company, Plaintiff-Respondent,
v
Equinox Physical Therapy, P.C., et al., Defendants, Grand Medical Supply Corp. et al., Defendants-Appellants.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.
Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about April 14, 2023, which granted plaintiff insurer's motion for summary judgment on its causes of action for declaratory judgment, unanimously affirmed, with costs.
Plaintiff established its prima facie entitlement to summary judgment on its first cause of action for declaratory relief by submitting evidence that claimants failed to appear at properly scheduled examinations under oath (EUOs), thus vitiating the insurance policy (see PV Holding Corp. v Hank Ross Med., P.C., 188 AD3d 429, 430 [1st Dept 2020]). A claim specialist submitted an affidavit of merit and affidavits of service for the EUO notices sent to the claimants' residences directing them to appear for two separate EUOs. In addition, plaintiff submitted an attorney's affirmation, based on the attorney's personal knowledge, averring that the claimants failed to appear for their scheduled EUOs and attaching deposition transcripts memorializing the claimants' nonappearance at the EUOs. Because the record demonstrates that plaintiff mailed its notices to take the claimants' EUOs before it received defendants' no-fault verification forms, plaintiff did not have to comply with the 15-day time frame for sending EUO notices set forth in 11 NYCRR 65-3.5 (see State Farm Mut. Auto. Ins. Co. v Surgicore of Jersey City LLC, 195 AD3d 454, 455 [1st Dept 2021]; Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468, 469 [1st Dept 2016]).
In opposition, defendants failed to raise a triable issue of fact. Defendants offer nothing more than speculation to support their argument that they need further discovery, nor does the record support the argument. Defendants have also not submitted an affidavit to establish that essential facts may exist but cannot yet be stated (CPLR 3212[f]; 354 Chauncey Realty, LLC v Brownstone Agency, Inc., 213 AD3d 544, 545 [1st Dept 2023]).
Because the policy is vitiated, State Farm did not have to establish that it timely denied defendants' claims (see PV Holding Corp., 188 AD3d at 430).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024