Nationwide Gen. Ins. Co. v Gaines (2025 NY Slip Op 01896)

Nationwide Gen. Ins. Co. v Gaines

2025 NY Slip Op 01896

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 151738/22|Appeal No. 4009|Case No. 2024-03961|

[*1]Nationwide General Insurance Company et al., Plaintiffs-Appellants,
v
Raheem Gaines et al., Defendants, Emote Medical Services P.C. et al., Defendants-Respondents.

Hollander Legal Group, PC, Melville (Brian Kaufman of counsel), for appellants.
The Rybak Firm, P.L.L.C., Brooklyn (Maksim Leyvi of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered April 15, 2024, which denied plaintiffs' motion for summary judgment declaring that they have no obligation to pay no-fault benefits to defendants Emote Medical Services P.C. and Nourseen PT P.C. (together, the Providers) in connection with the underlying June 2, 2021 motor vehicle collision, unanimously reversed, on the law, without costs, the motion granted, and it is so declared.
Plaintiffs are entitled to summary judgment because they established that the injured claimant failed to attend properly noticed independent medical examinations (IMEs), thus foreclosing coverage (see American Tr. Ins. Co. v Lucas, 111 AD3d 423, 424 [1st Dept 2013]). Plaintiffs submitted the affidavit of an employee from the company that schedules the IMEs, who averred that he sent two IME notices to the claimant and that the claimant failed to appear on either date. Plaintiffs also submitted the affirmations of the IME doctor, which were consistent with the scheduling employee's affidavit in that claimant failed to appear for the examinations.
The Providers' argument that the IMEs were untimely is unpersuasive. Where, as here, an insurer sends "notices scheduling . . . IMEs prior to the receipt of . . . claims, the notification requirements for verification requests under 11 NYCRR 65-3.5 and 65-3.6 do not apply" (Hereford Ins. Co. v Lida's Med. Supply, Inc., 161 AD3d 442, 443 [1st Dept 2018]). Moreover, the failure to attend a properly noticed examination is a "coverage defense [that] appl[ies] to any claims, and is not determined on a bill by bill basis" (PV Holding Corp. v AB Quality Health Supply Corp., 189 AD3d 645, 646 [1st Dept 2020] [internal quotation marks omitted]).
Nor were plaintiffs required to establish timely disclaimer of coverage in light of claimant's failure to attend the medical examinations (see American Tr. Ins. Co. v Lucas, 111 AD3d at 424-425; see also Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468, 470 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025