**State Farm Fire & Cas. Co. v Haynes**

2026 NY Slip Op 30726(U)

February 27, 2026

Supreme Court, New York County

Docket Number: Index No. 150188/2025

Judge: Matthew V. Grieco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MATTHEW V. GRIECO**          PART          30M

*Justice*

------------------------------------------------------------------------X

STATE FARM FIRE AND CASUALTY COMPANY,

                Plaintiff,

         - v -

KAMELLE HAYNES, KAYANDREA KELLY, 274 BRIGHTON
BEACH DRUGS INC, A2K NY CORP, ANJANI SINHA
MEDICAL PC,BEACH MEDICAL REHABILITATION,
PC,BUSINESS ART INC, CHAI DIAGNOSTICS, LLC,DS
MEDICAL DIAGNOSTICS, PC,FIRST STOP PT, PC,GEM
JM, INC, GLOBAL OS, LLC,HEALTHY FUTURE
PRODUCTS CORP, I&A IMAGING LLC,LEVIATHAN
WELLNESS, LLC,LORE MED EQUIPMENT INC, ONE
HAND 1 PHYSICAL THERAPY PC,PARS MEDICAL,
PC,TAPIK MED DISTRIBUTION CORP, WELLSPRING
SOLUTIONS, LLC,YOUSHA MEDICAL WELLNESS PLLC

                Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150188/2025 |
| MOTION DATE | 10/31/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 43, 44, 47, 48, 49, 54

were read on this motion to/for          JUDGMENT - DEFAULT          .

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's motion for a default judgment is granted.

On January 6, 2025, plaintiff, State Farm Fire and Casualty Company ("State Farm"), commenced this action for a declaratory judgment that it owes no duty to pay any no-fault claims arising out of a motor vehicle collision that allegedly occurred on March 17, 2024, on the ground that claimants defendants Kamelle M. Haynes and Kayandrea C. Kelly failed to appear for duly and properly requested examinations under oath ("EUOs"), which constituted a violation of a condition precedent to coverage by the

[* 1]

terms of the policy and under the no-fault regulations (NYSCEF Doc. No. 1 [Summons and Complaint]).[1]

Defendants Beach Medical Rehabilitation, PC, DS Medical Diagnostics, PC, and Global OS, LLC filed an answer with counterclaims on February 21, 2025 (NYSCEF Doc. No. 24). Plaintiff filed a reply to the counterclaims on February 27, 2025 (NYSCEF Doc. No. 25).

On October 31, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 against all the non-answering defendants (NYSCEF Doc. Nos. 26-39).

Defendants Tapik Med Distribution Corp. and Lore Med Equipment Inc. filed an answer on November 17, 2025 (NYSCEF Doc. No. 40). Defendants A2K NY Corp., First Stop PT, PC, and I&A Imaging LLC filed an answer with counterclaims on November 30, 2025 (NYSCEF Doc. No. 45). By two stipulations dated November 30, 2025, plaintiff accepted those answers and withdrew its motion as to all five of those late answering defendants (NYSCEF Doc. Nos. 48, 54).

Plaintiff now seeks default judgment against the remaining non-answering defendants: 274 Brighton Beach Drugs Inc., Anjani Sinha Medical PC, Business Art Inc., Chai Diagnostics, LLC, Gem JM, Inc., Healthy Future Products Corp., Leviathan Wellness, LLC, One Hand 1 Physical Therapy PC, Pars Medical, PC, Wellspring Solutions, LLC, and Yousha Medical Wellness PLLC.

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the

---

[1] Non-party claimant Nyasia Dickens appeared for her EUOs, and coverage was extended to her (NYSCEF Doc. No. 1 at 12, n 1).

claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

"The failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent vitiating coverage" (*Mapfre Ins. Co. of New York v Manoo*, 140 AD3d 468, 470 [1st Dept 2016]).

Here, plaintiff has demonstrated that it is entitled to a default judgment by submitting, *inter alia*: the summons and verified complaint (NYSCEF Doc. No. 1); affidavits of service (NYSCEF Doc. Nos. 2, 5, 7-8, 11, 13, 17, 19-20, 22-23, 31); an affidavit of a State Farm claims specialist attesting to claims received from or on behalf of claimants Haynes and Kelly, the reasons State Farm requested EUOs for those two claimants, the timely mailing and scheduling of at least two EUOs for each of those claimants, and both claimants' failure to appear at any EUO (NYSCEF Doc. No. 32); a Department of Motor Vehicles accident report (NYSCEF Doc. No. 33); no-fault claims forms and medical bills (NYSCEF Doc. Nos. 34-35); EUO scheduling letters with affidavits of service (NYSCEF Doc. No. 36); affirmations of an attorney who was present for the scheduled EUOs, attesting to the non-appearance of Haynes and Kelly (NYSCEF Doc. No. 37); and an affirmation of another attorney in support of the motion (NYSCEF Doc. No. 27).

[* 3]

It is therefore

ORDERED that plaintiff's motion for default judgment is granted as to defendants 274 Brighton Beach Drugs Inc., Anjani Sinha Medical PC, Business Art Inc., Chai Diagnostics, LLC, Gem JM, Inc., Healthy Future Products Corp., Leviathan Wellness, LLC, One Hand 1 Physical Therapy PC, Pars Medical, PC, Wellspring Solutions, LLC, and Yousha Medical Wellness PLLC; and it is further

ORDERED that the Clerk is directed to enter judgment declaring that plaintiff, State Farm, has no duty to provide no-fault reimbursements to the defaulting defendants for any claim or bill submitted by or on behalf of claimants Haynes or Kelly arising out of the alleged incident of March 17, 2024, State Farm claim number 32-64R8-46V.

| 2/27/2026 | | | |
|-----------|---|---|---|
| DATE | | MATTHEW V. GRIECO, J.S.C. | |

| CHECK ONE: | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION | |
|------------|-------------------|---------------------------|---|
| | [X] GRANTED [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

[* 4]