| |
|:---:|
| **Government Empls. Ins. Co. v Abohussein PT, P.C.** |
| 2026 NY Slip Op 30693(U) |
| February 27, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 150011/2025 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MATTHEW V. GRIECO**         PART          **30M**

*Justice*

-------------------------------------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY,

Plaintiff,

- v -

ABOHUSSEIN PT, P.C.,ALL CITY MEDICAL SERVICES, P.C.,ATLANTIC MEDICAL & DIAGNOSTIC, P.C.,BL PAIN MANAGEMENT, PLLC,DIANA BEYNIN, D.C., CPM MED SUPPLY, INC. D/B/A CITY DME, IMAGING CENTER OF ENGLEWOOD, LLC,NEW YORK SURGERY CENTER QUEENS, LLC,NORTHEAST MEDICAL DEVICES, LLC,NY BALANCE ACUPUNCTURE, P.C.,PARKSIDE MEDICAL CARE, P.C.,RADCITI IMAGING, P.C.,RADIUS PT, P.C.,RIDGEWOOD DRUG, INC.,RYTE DRUGS CORP., SILVER STAR PHARMACY, INC. D/B/A MICHAELS PHARMACY, TITAN DIAGNOSTIC IMAGING SERVICES, INC.,W JOSEPH GORUM MD, P.C.,WALMED EQUIPMENT, LLC,MIGUEL DE LA CRUZ FERRERAS, DARIO DE LA CRUZ

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150011/2025 |
| MOTION DATE | 01/29/2026 |
| MOTION SEQ. NO. | 001 |

**CORRECTED
DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to/for _____JUDGMENT - DEFAULT_____.

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's motion for a

default judgment is granted in part and denied in part.

On December 31, 2024, plaintiff, Government Employees Insurance Company,

Including Its Subsidiaries and Affiliates, GEICO General Insurance Company, GEICO

Indemnity Company, and GEICO Casualty Company ("GEICO"), commenced this action

for a declaratory judgment that it owes no duty to pay any no-fault claims arising out of

an alleged motor vehicle collision on August 23, 2023, on the ground that the claimants,

[* 1]

defendants Miguel A. De La Cruz Ferreras and Dario Stalin De La Cruz, failed to appear for duly and properly requested examinations under oath ("EUOs"), which constituted a violation of a condition precedent to coverage by the terms of the policy and under the no-fault regulations (NYSCEF Doc. No. 1 [Summons and Complaint]).

Defendant Northeast Medical Devices, LLC, filed an answer on March 4, 2025 (NYSCEF Doc. No. 22). Defendant Atlantic Medical & Diagnostic, P.C., filed an answer on July 10, 2025 (NYSCEF Doc. No. 26). Although those answers were filed late (*see* CPLR 3012), there is no prejudice, particularly in light of plaintiff's concession that default judgment is unavailable as to the two claimants and another defendant, and the Court will deem the answers timely filed *nunc pro tunc* (*see* CPLR 2001).

Plaintiff moves for a default judgment pursuant to CPLR 3215 against all defendants except Abohussein Mohamed Abohussein, P.T., Miguel A. De La Cruz Ferreras, and Dario Stalin De La Cruz (NYSCEF Doc. Nos. 28-30). Plaintiff states that it was unable to serve those three defendants, despite diligent efforts; the Court notes that Abohussein Mohamed Abohussein, P.T., is not actually named in the caption of the summons or complaint, although he is in the body of the complaint (NYSCEF Doc. No. 1).

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

150011/2025   GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS
SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. ABOHUSSEIN PT, P.C. ET AL
Motion No.  001

Page 2 of 4

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

"The failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent vitiating coverage" (*Mapfre Ins. Co. of New York v Manoo*, 140 AD3d 468, 470 [1st Dept 2016]).

Here, plaintiff has demonstrated that it is entitled to a default judgment by submitting, *inter alia*: the summons and verified complaint (NYSCEF Doc. No. 1); affidavits of service (NYSCEF Doc. Nos. 2, 4-21, 23, 34, 39); copies of the Police Accident Report (NYSCEF Doc. No. 35); an affirmation of GEICO claims adjuster Alison Kolanovic, attesting to files maintained in this case, including claims received from or on behalf of the two claimants, and to GEICO's standard business and mailing practices (NYSCEF Doc. No. 31); an affirmation of GEICO EUO coordinator Ann Frances Ragone, attesting to both claimants' non-appearance at timely scheduled and noticed EUOs, and their failure to subscribe and return their EUO transcripts [memorializing their non-appearance], despite multiple written requests (NYSCEF Doc. No. 32); claims forms seeking no-fault benefits for Ferreras and De La Cruz (NYSCEF Doc. Nos. 36 and 38); copies of EUO appointment letters sent to Ferreras and De La Cruz, and transcripts of their EUOs (NYSCEF Doc. No. 37); and an attorney affirmation in support of the motion (NYSCEF Doc. No. 30).

150011/2025   GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS          Page 3 of 4
SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. ABOHUSSEIN PT, P.C. ET AL
Motion No.  001

3 of 4

[* 3]

It is therefore

ORDERED that plaintiff's motion for default judgment is granted as to defendants Abohussein PT, P.C., All City Medical Services, P.C., BL Pain Management, PLLC, Diana Beynin, D.C., CPM Med Supply, Inc. d/b/a City DME, Imaging Center of Englewood, LLC, New York Surgery Center Queens, LLC, NY Balance Acupuncture, P.C., Parkside Medical Care, P.C., Radciti Imaging, P.C., Radius PT, P.C., Ridgewood Drug, Inc., Ryte Drugs Corp., Silver Star Pharmacy, Inc. d/b/a Michaels Pharmacy, Titan Diagnostic Imaging Services, Inc., W Joseph Gorum MD, P.C., and Walmed Equipment, LLC; and it is further

ORDERED that plaintiff's motion is denied as to defendants Northeast Medical Devices, LLC, and Atlantic Medical & Diagnostic, P.C.; and it is further

ORDERED that the Clerk is directed to enter judgment declaring that plaintiff, GEICO, is not subject to any arbitration or court case brought by the defaulting defendants for no-fault benefits stemming from an alleged August 23, 2023 motor vehicle accident, claim No. 8726542860000001, that those defendants are permanently barred from commencing or continuing any such proceedings, and that plaintiff's denials of no-fault claims by any of those defendants stemming from that same alleged August 23, 2023 accident are valid.

| 2/27/2026 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | MATTHEW V. GRIECO, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

150011/2025   GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. ABOHUSSEIN PT, P.C. ET AL
Motion No. 001

Page 4 of 4

4 of 4

[* 4]