Tristate Multi-Specialty Med. Servs., P.C. v Progressive Cas. Ins. Co. (2026 NY Slip Op 50340(U))

[*1]

Tristate Multi-Specialty Med. Servs., P.C. v Progressive Cas. Ins. Co.

2026 NY Slip Op 50340(U)

Decided on March 17, 2026

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2026
Civil Court of the City of New York, Kings County

Tristate Multi-Specialty Medical Services, P.C., 
 a/a/o JORDAN, CEDRICK, Plaintiff,

againstProgressive Casualty Insurance Company, Defendant(s)

Index No. CV-730109-22/KI

The Rybak Firm PLLC, Brooklyn, for Plaintiff.McCormack & Mattei, P.C., New Hyde Park, for Defendant.

Sandra Elena Roper, J.

At Trial held on March 6, 2026, Decision, Opinion and Order upon due deliberation as follows:
Previously agreed upon stipulation for prima facie to both parties placed on the record, after which Plaintiff Rested. Defendant moved for Directed Verdict upon an offer of proof of the Declaratory Judgment Order Supreme Court Nassau County Index No. 604151/20. Staged accident Declaratory Judgment (hereinafter "DJ") barred payment by Defendant to Plaintiff Provider for any and all bill payment reimbursements for relevant date of incident and policy number for No-fault bills of Assignor. However, DJ did not apply to Assignor as there was an inconsistency with his address. Defendant Counsel's statement at Trial is not sworn witness statement of the truth of Assignor's address and therefore found inadmissible and was not credited although he is an individual party defendant named in the DJ. Consequently, the DJ did not apply to the Assignor. Thereupon, pursuant to the defense of Res Judicata and Collateral Estoppel, Directed Verdict Granted in favor of Defendant.
However, in a rather novel argument. Plaintiff contended that the natural consequence of the DJ not applying to Assignor is judgment in the amounts sued upon should be granted in favor of Assignor as an individual. Indeed, quite a legal leap. Firstly, Assignor is not a party in this instant action. It is well established that an assignor is a non-party rather than a real party-in-interest and assignors cannot be considered as real parties of interest (Inwood Hill Med., P.C. v Gen. Assur. Co., 10 Misc 3d 18 [App Term 2005]). Further, Assignor herein is not represented by counsel since a non-party. Arguendo, the DJ establishes the potential of a conflict of interest between Plaintiff Provider and Assignor, foreclosing Plaintiff's counsel from ethically representing the interests of Assignor at Trial herein. Nevertheless, Plaintiff's counsel errs in its application for judgment in favor of individual Assignor exclusive of, aside and apart from Plaintiff Provider, which is denied. 
For the foregoing reasons, Judgment Granted in favor of Defendant. Case is dismissed with prejudice.
This constitutes Decision, Opinion and Order of Court.
Dated: March 17, 2026Brooklyn, New YorkHon. Sandra Elena Roper, JCC